## F. L. Torrance v. James Bowton.

1. Mechanics' Liens—*Notice by Sub-contractor Essential.*—In order to entitle a sub-contractor to a lien under the mechanics' lien laws notice must be served by him upon the owner within sixty days after he completes his contract, as required by section 25 of the mechanics' lien law.

**Bill for a Sub-contractor's Lien.**—Appeal from the Circuit Court of Knox County; the Hon. George W. Thompson, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

J. J. & G. Dufield Tunnicliff and J. A. McKenzie, attorneys for appellant.

A. K. Hardy and J. D. Welsh, attorneys for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Bowton, half owner of a lot in Abingdon, entered into a written contract with William Peabody, by which the latter was to furnish all the material and erect a store and a barn for Bowton on said lot, for $2,639. Peabody thereafter made a verbal contract with F. L. Torrance, by which the latter was to furnish Peabody the lumber and certain other materials for said buildings, at certain rates. After the completion of the buildings, Torrance filed an original and afterward an amended bill against Bowton and Peabody for a sub-contractor's lien upon said premises, for a balance due him. After an answer by Bowton and a reference to the master, that officer reported the proofs and his conclusion that Torrance was entitled to a lien upon the undivided one-half of said lot for $261.47. Bowton filed exceptions to said report. The court sustained the second and eighth exceptions, held Torrance not entitled to a lien, and dismissed the bill. Torrance appeals.

The bill averred that Torrance completed his sub-contract with Peabody on June 12, 1899, and that he caused due notice to be served upon Bowton on August 8, 1899. The

answer, besides setting up other defenses, averred the notice was not served on Bowton within sixty days after Torrance completed his sub-contract.   The second exception related to this subject, and the court, by sustaining it, held that notice was not given within sixty days after the sub-contract was completed, as required by section 25 of the mechanics' lien law.   The notice was served on August 8th. The last item was furnished by Torrance on June 6th, and the notice was too late, unless the item charged on June 10th, of three cellar windows at $1.65, or certain other small items of lumber charged on that date, amounting to $2.44, were delivered upon said contract, and operate to extend the time.   The proof shows clearly that the cellar windows were furnished about June 1st, and the charge was then omitted by mistake.   The items of lumber amounting to $2.44 were delivered by Torrance at Peabody's shop on June 10th, and were used by Peabody in making steps and screen doors for Bowton, and these were delivered at the Bowton buildings by Peabody on June 12th.   Both Bowton and Peabody testified these steps and screens were not made under the contract for the erection of these buildings. Bowton testified that when he talked with Peabody about making these steps and screens, Peabody said he would build them if Bowton would furnish him the material and pay him for his work.   No one contradicts this proof, and it stands unquestioned that such was the arrangement under which these steps and screens were made.   Miss Veatch, bookkeeper for Torrance, charged these items to Bowton when they were delivered at Peabody's shop.   Peabody ordered them, and does not remember what directions, if any, he gave at Torrance's place of business when he ordered this lumber, but he testifies that he did not expect this lumber would be charged to his account, but supposed that it was charged to Bowton, and accordingly, when he had made the steps and screens, he rendered a bill to Bowton for his labor, and collected it, without any regard to the price of the lumber.

The materials furnished to Peabody for these buildings

had been almost invariably charged upon Torrance's books to William Peabody, or to Peabody, with the word " Bowton " or the letter "B" added · below, the meaning of the charge being that the goods 'were sold, delivered and charged to Peabody, but were for the Bowton buildings. These items of June 10th, amounting to $2.44, Miss Veatch charged to Bowton, and she finally admitted, after some pressure, that she supposed she made this charge in accordance with the facts as they existed at that time. At some later time, but when does not appear with any certainty, Torrance wrote the word " Peabody " after the words " James Bowton " at the head of those charges on the day book. Bowton had a personal account at Torrance's running from 1896 to 1899, on which various payments had been made, and on July 1, 1899, Miss Veatch, by direction of Torrance, made out an itemized bill against Bowton, and she included therein these items of June 10, 1899, amounting to $2.44, as a personal charge against Bowton, and the bill was soon thereafter presented to him, and he paid it after this suit was begun. Two witnesses testify Torrance engaged them severally in efforts to serve the notice on Bowton on August 7th, and he told each the notice must be served by midnight. To one he said it would be outlawed if not served by twelve o'clock that night, and to the other that that was the last day he had to go on. This is uncontradicted. All these acts and circumstances strongly tend to show that the screens and steps were not made by Peabody under the contract for the erection of these buildings, but that they were built under a subsequent arrangement between Bowton and Peabody, by which Bowton was to furnish the lumber on his own account, and Peabody was to build the steps. The fact that the lumber was charged to Bowton instead of being charged to Peabody, as was the practice for the lumber that went into this contract for the buildings, shows that at that time Torrance or his bookkeeper was informed that this was a purchase of lumber by Bowton on his own account. The statements made by Torrance to these two men on August 7th show that at that time he

considered that the items of June 6th were the conclusion of his contract, and that he did not then understand or suppose that the items of June 10th charged to Bowton on his books had any relation to his contract with Peabody for furnishing materials for these buildings. Torrance and Miss Veatch now testify that the charge of $2.44 to Bowton was a mistake, and that it was part of the contract with Peabody. We are of opinion the court below correctly decided that this lumber of June 10th was sold and properly charged to Bowton, and was to be paid by him, and that its use in the bill against Peabody was an afterthought, resorted to when it was found notice had not been served within sixty days. Bowton has already paid more than the contract price. As Torrance has not brought himself within the law giving sub-contractors a lien, he must look to Peabody for pay for the remaining material he has furnished.

There are other difficulties in the way of maintaining a lien for Torrance under the present bill, but as the failure to give notice within sixty days is fatal to the lien, the other points need not be discussed. The decree is affirmed.