## THE JOSEPH N. EISENDRATH COMPANY

*v.*

## JOHN GEBHARDT *et al.*

*Opinion filed June 14, 1906.*

1. MECHANICS' LIENS—*strict compliance with the statute is essential.* The statute allowing mechanics' liens is in derogation of the common law, and strict compliance with the statute is essential.

2. SAME—*law in force when contract was made governs.* The law in force when a building contract was made governs the right to a mechanic's lien, and also the limitation of the time for bringing suit to enforce the lien.

3. SAME—*when final payment is due.* Under a building contract fixing a date for completing the work and providing that final payment shall be made within thirty days after the contract is fulfilled, but that payments shall be made upon the certificates of the architect, who was authorized to make certain adjustments and to find balance and give his final certificate, final payment does not become due until the final certificate is given, provided the architect is not authorized to delay the final certificate beyond the period fixed by the statute for the creation of the lien.

4. SAME—*right to enforce lien without an architect's certificate.* Where a building contract definitely fixes the time for completing the work and provides for final payment upon the architect's certificate within thirty days from the time the contract was fulfilled, if the architect fraudulently refuses to give his certificate for the amount due, the contractor may bring a suit to enforce his lien without the certificate, and in such case the limitation for bringing suit will run from the time the contract was completed.

5. LIMITATIONS—*when amended bill states the same cause of action as the original bill.* An amended bill to enforce a mechanic's lien states the same cause of action as that stated in the original bill, where the property, building, work done, price, the architect, the parties and the date and amount of the architect's certificate are the same in each.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

FRANK F. REED, and ADAMS & FROEHLICH, for appellant.

222—8

ERNEST SAUNDERS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 16, 1903, appellees filed in the superior court of Cook county their bill of complaint against appellant to enforce a mechanic's lien for masonry work and materials therefor, furnished in the erection of a factory warehouse in the city of Chicago. On March 11, 1904, appellant answered the bill, admitting the ownership of the premises but denying that it made the alleged contract for the work or that the same was performed, and denying the right to a lien. A replication to the answer was filed and the cause was referred to a master in chancery. On November 10, 1904, an amended bill was filed, to which appellant demurred generally and specially. The court overruled the demurrer, and appellant having elected to stand by it, the amended bill was taken as confessed, the order of reference was vacated, and the court heard evidence and entered a decree establishing a mechanic's lien for the sum of $1671.11 and costs. On appeal to the Appellate Court for the First District the decree was affirmed, and this further appeal was prosecuted.

The first three propositions of counsel for appellant are correct: First, the statute allowing mechanics' liens is in derogation of the common law and strict compliance with the statute is essential; (*Pugh Co.* v. *Wallace,* 198 Ill. 422;) second, the statute in force on April 22, 1903, when the contract was made, governs as to the right to a lien and the limitation of time for bringing the suit; (*Weber* v. *Bushnell,* 171 Ill. 587;) third, under that statute it was essential that within four months from the date upon which the final payment became due and payable according to the terms of the original contract, a suit should be brought to enforce the lien, or a claim for the lien should be filed with the clerk of the circuit court. (Laws of 1895, p. 225.) It is contended that, applying these rules, the original bill was not filed with-

in the time fixed by the statute, and therefore the court erred in overruling the demurrer.

The contract was dated April 22, 1903, and provided that the work should be completed by July 1, 1903, and payments should be made upon written certificates of the architect named in the contract to the effect that such payments had become due, the final payment to be made within thirty days after the contract was fulfilled. The final certificate of the architect, showing additions, deductions and former payments and the balance for which a lien was claimed, was given October 5, 1903, and the original bill was filed December 16, 1903. The argument is, that allowing thirty days from July 1, 1903, when the work was to be finished, the last payment became due July 31, 1903, more than four months before the bill was filed; that the statute fixes the limitation from the time the last payment became due according to the contract, and not according to the decision of the architect; that no certificate was needed to sustain a lien if a demand had been made for one and the architect had wrongfully refused it, and that the provision of the contract that all payments should be made upon the written certificate of the architect that they had become due, does not fix the time when the money was due and payable.

By the contract the architect was authorized to make additions or deductions from the contract price on account of alterations in the work and to make deductions for damage to appellant or appellees, and to find the balance due and give his certificate therefor. The final payment according to the terms of the original contract did not become due and payable until the certificate was given, which was less than forty days before the filing of the bill. (*Weber* v. *Bushnell*, *supra*.) But counsel say that according to that rule the contract was not sufficient to create a lien, because the time of final payment was not fixed by the contract but depended upon the whim or caprice of the architect. It is true that the right to a lien depends upon the terms of the contract,

and this contract specified a definite time for the completion of the work and a definite time when the final payment should be made, but there was to be a settlement and decision by the architect as to the performance of the contract and additions or deductions from the contract price. The rights of the parties and the amount to be paid were definitely fixed by the contract as of the date of its completion, and if the architect had fraudulently refused a certificate of the amount so due, an action could have been maintained without it and the limitation would have run from the completion of the contract. But unless that was so, appellees could not have maintained an action without the certificate. The architect was not authorized by the contract to delay the giving of the certificate indefinitely beyond the period of time fixed by the statute for the creation of a lien, and the contract was sufficient to sustain the action.

It is next argued that if the original bill was filed in time the amended bill set forth a new cause of action on November 10, 1904, and the Statute of Limitations had then run. The cause of action was the same. The property, the building, the work done, the price, the architect, the parties and the date and amount of the architect's certificate were the same. If relief had been granted under the original bill it would have been a bar to the cause of action for the same work on same property stated in the amended bill. The amended bill did not state a new cause of action.

The decree contained a sufficient recital of facts, under the rules of law as we have stated them, to authorize the relief granted. The judgment of the Appellate Court is affirmed.            *Judgment affirmed.*