### SAMUEL H. TRELOAR

*v.*

### JOHN HAMILTON.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. MECHANICS' LIENS—*law in force when a contract was made, governs.* The law in force at the time a building contract is executed governs the rights of the parties in a proceeding to enforce a claim for a mechanic's lien thereunder.

2. SAME—*changing date of filing claim by amending a bill does not begin new suit.* An amendment to a bill to enforce a mechanic's lien, changing the date on which the claim for lien was alleged to have been filed, is not a statement of a new cause of action, such as requires the period of limitation to be reckoned from the time the amendment was made.

3. SAME—*unintentional failure to give credit in claim for lien does not defeat lien.* Unintentional failure by the contractor to give the owner certain proper credits in his claim for lien does not defeat the lien upon the ground that the claim did not show the true amount due the contractor after allowing all credits.

4. APPEALS AND ERRORS—*when master's finding must be upheld.* A finding by the master in chancery, from conflicting evidence, that there was no collusion between a contractor and the architect who superintended the work, which finding was sustained by the chancellor upon exceptions and the decree affirmed by the Appellate Court, will be upheld by the Supreme Court unless clearly against the weight of the evidence.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

August 9, 1895, appellee filed his bill in the circuit court of Cook county against appellant to enforce a mechanic's lien for balance claimed to be due for furnishing material and labor in the erection and construction of a building for appellant. The contract between the parties was in writing, and provided that appellee should furnish all labor and material and complete the building in accordance with plans and specifications made by E. M. Newman, architect. The price agreed to be paid was $3310, and eighty-five per cent of it was to be paid as the work progressed, upon the architect's certificates of the estimated cost of the work done, and the balance on the completion of the building. No payments were to be made except upon the certificates of the architect, who is named as superintendent in the contract. The contract also provided that in case of any difference of opinion between the parties to it, in relation to the agreement or the work to be performed under it, the decision of the architect should be final and binding between them. The contract was dated February 2, 1895, and appellee agreed therein to complete the building and turn it over to appellant on or before April 29, 1895. The building, which was a residence, was completed July 19, 1895, but appellant moved into and took possession of it June 9 before its completion. The bill alleges that payments were made on architect's certificates from time to time as the work progressed, until the greater part of the contract price was paid, and that July 11, 1895, and August 6, 1895, the architect gave appellee certificates for the balance due, and that these amounts, which included a small amount for extras, have never been paid and are still due. The bill prays that the balance due be decreed to be paid by appellant, and upon his failure to pay the same it be declared a lien against the property, according to the practice in such cases. A demurrer to the bill by appellant was overruled and answer and replication filed. The answer averred that appellant had paid $157.75, for which he had not received credit; that he had been damaged in conse-

quence of the work not having been done in accordance with
the plans and specifications and by reason of inferior work
and the use of inferior materials, all of which damages he
pleaded and relied upon as a set-off and counter-claim to the
claim of complainant. There was no averment in the bill
that appellee had filed in the office of the clerk of the circuit
court a statement of the amount due him on the contract.
October 6, 1897, by leave of court, appellee amended his
bill and alleged that he filed the statement October 7, 1895,
and made as exhibits to his amendment a copy of the con-
tract between the parties and a copy of the account filed,
which contained credits to the amount of $2300 and showed
a balance due of $1036.60. December 2, 1895, the cause
was referred to the master in chancery, with directions to
take the proof and report his conclusions of law and fact.
The master filed his report on April 26, 1900, finding the
amount due appellee, and recommending that it be declared
a lien on the property, as prayed in the bill. Objections were
filed before the master to his report and conclusions, but
were overruled, and by order of the court stood as exceptions
to said report. On December 2, 1904, when the cause came
on to be heard on the report of the master and exceptions
thereto, appellant moved to dismiss the bill because of a vari-
ance between its allegations and the proof. The variance
pointed out was, that the bill as amended alleged the filing
by appellee of his statement of account October 7, 1895,
while the claim introduced in evidence was filed July 19,
1895. Appellee thereupon, by leave of court, amended his
bill to conform to the proof by striking out October 7, 1895,
as the date of filing claim, and inserting July 19, 1895.
Appellant then asked leave to answer the bill as last amended
and set up and rely upon the Statute of Limitations as a
defense. Leave was denied him, and upon consideration of
the master's report and exceptions thereto the court approved
said report and decreed in accordance with its recommenda-
tions. From that decree appellant appealed to the Appellate

Court for the First District, where the decree of the circuit court was affirmed, and this further appeal is prosecuted to this court.

J. A. COLEMAN, for appellant.

F. H. TRUDE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Appellate Court held, and we think correctly, that the rights of the parties were governed by the law in force at the time the contract was entered into. (*Kendall* v. *Fader,* 199 Ill. 294, and cases there cited.) This was February 2, 1895, and before the Mechanic's Lien law of 1895 went into effect. The law in force at the time the contract was entered into required that a contractor desiring to avail himself of its provisions should file with the clerk of the circuit court a just and true statement of the account or demand due him, after allowing all credits. Under the law then in force suit was required to be commenced within two years after the filing of such claim, or the lien was vacated.

Appellant contends, that as the first amendment to the appellee's bill alleged the date of the filing of the statement as October 7, 1895, and the second amendment, which was made in December, 1904, changed the date to July 19, 1895, this was declaring upon a new cause of action, and was, in effect, the same as if a bill had been first filed in December, 1904, to enforce a mechanic's lien, where the statement of the claim was filed in the circuit court more than two years before the filing of the bill, and that the court erred in not allowing him to answer the bill as last amended and set up and rely upon the Statute of Limitations. Merely changing the date at which the claim for lien was alleged to have been filed from October 7 to July 19 was not the statement of a new cause of action. (*Eisendrath Co.* v. *Gebhardt,* 222 Ill. 113.) The circuit court therefore properly denied appellant's motion.

It is also contended by appellant that the decree of the circuit court and judgment of the Appellate Court should be reversed because appellee's claim did not show a just and true statement of the amount due him after allowing all credits; also because the building was not constructed in accordance with the plans and specifications, by reason of which appellant was damaged in a greater sum than the court found due as the unpaid balance under the provisions of the contract. Appellee admitted in his examination before the master that the appellant was entitled to a credit on the amount stated in the claim filed by him, of $153.75 for materials that had been bought and paid for by appellant with appellee's knowledge and consent. The master found from the evidence that the failure to give this credit in the account was not intentional on the part of appellee, but was a mistake. If this is true, then the failure to state the correct amount due would not necessarily defeat the lien. *Kendall* v. *Fader, supra; Hayes* v. *Hammond,* 162 Ill. 133; *Culver* v. *Schroth,* 153 id. 437.

The contract between appellant and appellee made Newman, the architect, superintendent of the work, and required payments to be made, as the work progressed, upon his certificates, and his decision, when differences arose between the parties, was to be binding on them. Appellant contends that there was collusion between the architect and appellee; that they conspired against appellant that the work should be done in a different manner and with different materials from that provided in the contract, and that the certificates issued by the architect were fraudulent and not binding on the appellant. The master found from the evidence and reported contrary to this contention. Upon the proposition of appellant that the building was not constructed of the materials nor in the manner required by the contract, the master reported that the evidence was conflicting and not reconcilable, but his conclusion therefrom was against the appellant. Upon the hearing before the court on exceptions to the master's report the chancellor agreed with the master

upon all the controverted questions of fact, entered a decree approving the master's report and conclusions, and that decree has been affirmed by the Appellate Court. We have examined the testimony and find it very conflicting upon the material questions of fact in controversy, but we cannot say that its weight is clearly and palpably against the decree of the court. Unless we could so say we would not be justified in reversing the judgment and decree. *Siegel* v. *Andrews & Co.* 181 Ill. 350; *Williams* v. *Lindblom,* 163 id. 346.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*