Sarah M. Snitzler et al., Executors, v. Edward T. Filer.
Gen. Nos. 13,131 and 13,132.
### Consolidated for Hearing.

1. MECHANIC'S LIEN—*when contract sufficiently specifies time of payment.* A contract sufficiently specifies the time of payment so as to support a claim for mechanic's lien where it contains a provision as follows: "This contract shall be completed on or before one year after the date of the same."

2. MECHANIC'S LIEN—*what does not extend time for filing claim for.* The time for filing a claim for lien is not extended by sending new material to replace alleged defective material formerly delivered and used in a completed building, which new material was not suited for the purpose and rejected.

3. MECHANIC'S LIEN—*how time for filing claim for, cannot be extended.* After full delivery under a building contract, an agreement to extend the time for filing a claim for lien does not effectuate that result.

4. MECHANIC'S LIEN—*how statute creating, to be construed.* The statute allowing mechanic's liens is in derogation of the common law, and strict compliance therewith is essential to avail thereof.

Mechanic's lien proceedings. Appeals from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded with directions. Opinion filed May 28, 1907. Rehearing denied June 28, 1907.

**Statement by the Court.** These are appeals from decrees of the Circuit Court in two causes wherein the pleadings, orders and decrees were, it is said, practically identical except as to the amounts and property involved. Appellee seeks to enforce a mechanic's lien for material furnished in the erection of buildings on the premises described. The causes have been consolidated for hearing, and what is hereinafter said as to one will be equally applicable to the other.

The bill shows that complainant is a dealer in sash, doors, blinds and other mill work at Chicago, and sets forth a contract to furnish material therein described. The contract was made with one George P. Beardsley who signs himself as contractor, but who is charged in the bill to have been interested in the property as one of the owners, together with Nathaniel Beardsley in whose name the title to the premises stood. The contract was dated January 22, 1901, and was to be completed on or before one year after that date. Complainant alleges *inter alia* that the last delivery was made April 5, 1902, that John H. Snitzler has or claims to have some interest in the premises which is subject to complainant's lien, and that August 4, 1902, complainant filed a statement of claim for lien in the office of the Clerk of the Circuit Court as required by the Mechanic's Lien law in force at that time. ·

Defendant John H. Snitzler filed a plea stating that subsequent to the making of the contract he purchased the premises from Nathaniel Beardsley and they were conveyed to him by warranty deed duly executed and recorded. He avers that under section 7 of the Mechanic's Lien law of 1895, complainant should not be allowed to enforce the lien as against him. Subsequently he filed an answer. The cause was referred to a master who reported in favor of complainant and the Circuit Court February 26, 1906, entered a decree finding $872.95 and costs due com-

plainant, for which he is decreed to be entitled to a lien on the premises, that John H. Snitzler has died pending the suit and that appellants as executors and trustees under his will have succeeded in all respects to his rights and interests.

HERMAN W. STILLMAN, for appellants.

ALBERT E. DENNIS, for appellee; H. C. RUMERY, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee seeks to establish a mechanic's lien under a contract which neither party has deemed it necessary to set out in full in the abstract or briefs. It appears, however, that it was in writing and was dated January 22, 1901. It consisted of a proposition made by appellee and a modified acceptance by George P. Beardsley to whom the proposition was addressed. The material parts of the agreement are stated to have been as follows: "George P. Beardsley, Esq., City. Dear Sir: I propose to furnish you mill work for a four flat building known as 391 and 393 South Springfield avenue, and owned by Nathaniel Beardsley as follows:" There is then set out, it is said, a list of items to be furnished, for the sum of $816. The proposition then continues: "Payments on the contract shall be made as follows: first payment shall be made when all of the frames except the entrance door frames are delivered and set in the building; said payment to be the amount due for all mill work delivered up to that date. Second payment to be made when the trim is delivered and not later than thirty days after delivery of the same. Third payment when the doors have been delivered and not later than thirty days after the delivery of the same. Should there be any extras the same shall be paid

for on completion of the building, and this contract shall be completed on or before one year after date of the same." This is signed "E. T. Filer." Following the signature of appellee Filer is the following: "I accept the above proposition except that the first, second and third payments shall be each eighty-five (85%) per cent. of the full amount due at that time." This is signed "George P. Beardsley, contractor," and is also signed by appellee Filer.

The first contention in behalf of appellant is that no lien will attach under this contract because it is said it fails to specify the time when payment is to be made for the material to be furnished thereunder. The contract is governed by the Mechanic's Lien law of 1895. In Freeman v. Rinaker, 185 Ill. 172-177, it is said: "No lien can be enforced for the appellee's services under this contract for the reason that the contract is in writing and contains no provision as to the time within which the work was to be performed or the money to be paid." The omission from a contract of a stipulation either as to time for completion or time for payment is held conclusive under that act against the right to a lien. Williams v. Rittenhouse & Embree Co., 198 Ill. 602-608. Appellee insists, however, that the provision "this contract shall be completed on or before one year after date of the same," is a stipulation fixing the time of payment, since the contract provides for payment of money as well as for furnishing material, and could not be completed within one year unless by payment within that time. We are inclined to the opinion that the contract is susceptible of that interpretation, although not entirely unambiguous in respect to payment.

Appellants contend appellee was not entitled to a lien as against John H. Snitzler, since deceased, nor against his estate, because Snitzler was a subsequent purchaser of the premises; that in order to maintain such lien it was essential appellee should have brought

suit or should have filed in the office of the circuit clerk of the county a statement of his claim for lien such as the statute requires, and "within four months after the last payment shall have become due and payable according to the terms of the original contract." Under this provision of the statute, assuming that the last payment became due one year from date of the contract, it was necessary in order to maintain a lien upon the premises as against John H. Snitzler, that appellee should file the required statement within four months after January 22, 1902, that is on or before May 22, 1902. It was not in fact filed until August 4, 1902, over three months after the expiration of the time allowed by the statute. Mechanic's Lien Act of 1895, sec. 7; Eisendrath Co. v. Gebhardt, 222 Ill. 113-114. Appellee seeks to avoid the effect of the statute in this respect upon the alleged ground that owing to the fault of Beardsley with whom the contract was made, certain of the material called for by the contract was not delivered at the building until April 5, 1902, and that the last payment did not become due until that time. The statement for lien was filed within four months from that date. There is no dispute that all the material delivered prior to April 5, 1902, went into the buildings. The master finds that after November 1, 1901, at which time the buildings were so far completed that they were from that date occupied by tenants paying rent for the apartments therein, said Beardsley notified appellee that there were some things either not furnished or which if furnished were not suitable and would have to be furnished or replaced; that appellee requested Beardsley to furnish him with measurements and drawings, which was not done; that in March, 1902, appellee and Beardsley went to the premises where measurements were taken and sketches made; and that after getting said particulars appellee ordered the material—a new door and certain moulding—de-

livered, and it was so delivered April 5, 1902. It appears, however, that none of the material so delivered was used in said buildings and appellee was notified a week later—April 12, 1902—that the material so delivered was not wanted and was left at appellee's risk. It is difficult to see how the mere delivery of a door and some moulding more than five months after the completion of the building, none of which material went into the building, can be construed as a delivery under the contract. The alleged delivery was not made to Beardsley nor to the owner of the premises, but the material was left with tenants occupying the flats or left in the entry ways. The evidence tends to show that although some of the material previously delivered was in some respects defective, the material delivered April 5, was not suitable to replace it. If this material had been delivered under the contract while the building was in process of erection, it might not have been important to show whether it was actually used in the buildings or not; but the contention that sending new material to replace alleged defective material formerly delivered and used in a completed building, which new material was not suited for the purpose and was rejected, can be called a delivery under the original contract and have the effect to extend the time when payment under the original contract became due, is, we think, untenable. We are unable to concur in the finding of the Circuit Court that the contract was not completed until April 5, 1902.

It may be said that the work having been completed so far as appears within the time provided for by the contract, we are of opinion the debt became due at that time, and the contractor had four months from that time in which to file a statement of his claim. This time could not be extended by any subsequent agreement to extend the time of payment to some future day. Dawson v. Black, 148 Ill. 484-489. De-

CHICAGO—FIRST DISTRICT—A. D. 1907.    67

livery therefore of material subsequently ordered even if received and paid for would not have the effect of extending the time to file the statutory statement of claim for lien under the original contract.

It appears that John H. Snitzler contracted to purchase the premises in controversy on or about October 7, 1901. A deed of conveyance to him was executed and delivered on or about October 23, 1901, to the agents in charge of the buildings, to be recorded. These agents were collecting and paying the rents to Snitzler from and after November 1, 1901. By neglect of the agents but so far as appears without the knowledge of Snitzler, the deed to him was not placed on record until April 11, 1902. There is no evidence that meanwhile Snitzler ever heard or had any knowledge of any claim of appellee or any other contractor or material man against the premises. The statute allowing mechanic's liens is in derogation of the common law and strict compliance with it is essential. Under that statute in force when this contract was made and performed it was essential that within four months from the date upon which the final payment became due and payable according to the terms of the original contract, either a suit should be brought to enforce the lien or a claim for the lien should be filed with the clerk of the Circuit Court. Eisendrath Co. v. Gebhardt, 222 Ill. 113-114. Neither of these things was done. There is no claim that appellee was not at liberty to file his claim for lien at any time within the period fixed by the statute. He delayed too long and so deprived himself of the relief he now seeks against the innocent purchaser of the premises. In view of this conclusion it is unnecessary to consider other matters to which the briefs call attention.

For the reasons stated the decrees of the Circuit Court in both cases must be reversed and the causes remanded with directions to dismiss the bills.

*Reversed and remanded with directions.*