## North Side Sash and Door Company, Appellee, v. Sigmund Hecht et al., on appeal of Wiley E. Hosier, Appellant.

### Gen. No. 24,695.

1. MECHANICS' LIENS, § 1*—*statutory nature of right to enforce lien.* The right to enforce a mechanic's lien is created by statute, and must be shown to come strictly within the terms of the statute.

2. MECHANICS' LIENS, § 191*—*when petition or bill by claimant may be amended.* A petition or bill filed by a lien claimant in bringing suit against a purchaser of the property, which suit is brought within 4 months after the completion of the work or final delivery of material, may, by the express provision of the statute (Mechanics' Liens Law, secs. 7, 11, 12, J. & A. ¶¶ 7145, 7149, 7150), be subsequently amended, either before or after the expiration of the 4-month period.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed February 11, 1920. Rehearing denied February 21, 1920.

FYFFE, RYNER & DALE, for appellant.

EDMUND W. FROEHLICH, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from a decree allowing a mechanic's lien to the appellee on premises owned by the appellant who was a purchaser.

The appellee filed its bill February 19, 1916, alleging that it made its last delivery of material on February 27, 1915, and claiming a lien to the extent of $1,928.70. On September 16, 1916, appellee amended its bill alleging that the date of last delivery of material was October 27, 1915. The appellant acquired his title to the property April 15, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The appellant filed his answer to the bill of appellee on February 3, 1917, in which he denied that the appellee did any work or furnished any material in connection with the premises in question within 4 months prior to bringing suit and denied that the appellee made its last delivery of material on October 27, 1915, as alleged.

The right which appellee seeks to enforce by this action, being created by statute, must be shown to come strictly within its terms.

Appellant claims that where it is sought to enforce a mechanic's lien against a purchaser, not by filing a claim for lien with the clerk of the circuit court, but by bringing suit, that suit must be brought within 4 months after the last delivery of material by the claimant and the petition or bill filed in beginning such suit must strictly conform to the requirements of the statute, and such petition or bill cannot be amended after such period of 4 months has expired, citing *May Purington & Bonner Brick Co. v. General Engineering Co.,* 180 Ill. 535, and other similar cases. The case referred to arose under the former Mechanics' Liens Statute under which one who claimed a lien was required to file with the clerk of the circuit court a just and true statement of account, "setting forth the times when such material was furnished * * *." The claimant filed a statement giving dates of the delivery of materials in 1892. He later filed a bill to enforce his lien alleging the filing of his statement as required by law and giving the dates of the delivery of materials as 1893.

The defendant filed a plea alleging that the claim or statement of account which the complainant had filed with the clerk, in fact gave the dates of delivery of materials as 1892. Thereupon complainant, by leave of court, amended the bill averring that the date "1892" had been inserted in the statement as filed, by

mistake, and stating that, in fact, the materials were furnished in 1893. A demurrer to the bill as amended was sustained, the court holding that the amendment of the bill could not cure the error in the statement filed with the circuit court clerk within the time prescribed by the statute. The court said: "The filing of a statement as prescribed by section 4, being made a condition precedent to bringing suit, * * * the claim for lien cannot be amended, after suit brought, so as to effect the suit." In *McDonald v. Rosengarten,* 134 Ill. 126, the court said: "Any amendment (of the statement filed with the clerk) would have to be attached to the original, and filed within the time provided * * * for the filing of the original."

But in our opinion these and other like decisions are not authority for the contention made by appellant in this case. Under the former statute a lien claimant was required to file a statement of his claim for lien with the clerk of the circuit court within 4 months after the final delivery of material and that statement was required to set forth, among other things, the date of such delivery and, under the authorities cited, that *statement of claim,* in full compliance with the terms of the statute, had to be filed within the period prescribed by the statute and could not be amended after that period had expired. The question presented in the case at bar is whether, under the terms of the present statute, *the petition or bill filed by the lien claimant in bringing suit* can be amended after the period prescribed for bringing such suit has expired, the suit being against a purchaser who acquired his title to the property previous to the filing of the original bill or petition.

By the provisions of section 7 of the present Mechanics' Liens Law (J. & A. ¶ 7145), appellee could enforce its lien by bringing suit within 4 months after the final delivery of the extra material which was involved. By the provisions of section 11 (J. & A.

¶ 7149), it was necessary, if appellee followed that method, that its bill or petition contain "a brief statement of the contract  *  *  *  on which it is founded, the date when made, and when completed.  *  *  *"

It is specifically provided in section 12 (J. & A. ¶ 7150) that "the court shall permit amendments to any part of the *pleadings.*" Therefore, if it is sought to enforce a mechanic's lien by bringing suit within 4 months after the completion of the work or the final delivery of material (a method not provided for under the previous law), the petition or bill filed in so bringing suit may, by the express provisions of the statute, be subsequently amended.

Complainant has called our attention to the case of *Hartray v. Chicago Rys. Co.*, 290 Ill. 85. That case holds that the Injuries Act, which provides that every action brought by virtue of its terms, "shall be commenced within one year after" the death which is the basis of the action, prescribes 'a limitation on the liability created by the act, and in an action brought under the act the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action. The court cites as authority *Goldstein v. Chicago City Ry. Co.*, 286 Ill. 297; *Carlin v. Peerless Gas Light Co.*, 283 Ill. 142, and *Sharp v. Sharp*, 213 Ill. 332.

In the *Goldstein* case, *supra*, the death of plaintiff's intestate occurred October 17, 1907, and the suit was commenced October 26, 1908, more than one year after the death. The court held that it was error to refuse to allow the defendant to file a special plea alleging that the suit had not been commenced within one year after the death, even though other pleas not presenting such defense had previously been filed. In the *Carlin* case, *supra*, the accident causing the death of plaintiff's intestate occurred April 9, 1903, and the suit was begun May 4, 1904, and the defendant filed a plea of the general issue and also a special plea setting up that

the suit had not been brought by the plaintiff within a year after the death of her intestate. The court held that it was error to sustain a demurrer interposed by the plaintiff to the special plea. In the *Sharp* case, *supra,* which was a bill in chancery to set aside a will, brought under the provisions of section 7 of the Statute of Wills (J. & A. ¶ 11548), wherein the time in which such a bill might be filed was limited to a period of one year from the time of the probate of the will, the bill was filed more than one year after the will was admitted to probate and a demurrer was interposed to the bill on that ground and the court affirmed a decree sustaining the demurrer and dismissing the bill.

In the *Hartray* case, *supra,* the declaration contained no allegation that the action was commenced within one year after the death there involved nor was the date of that death averred. The court held that a declaration filed in a case brought under the Injuries Act must allege, or state facts showing that, the action was brought within the time prescribed by the statute, and that the declaration there involved failing to do so, stated no cause of action and was therefore not cured by verdict.

We are of the opinion that the rule laid down in the *Hartray* case cannot be applied to the situation presented in the case at bar, as it might be if the Mechanics' Liens Statute did nothing more than prescribe as a limitation on the liability it created, that the claimant begin suit within 4 months after the final delivery of material. This statute not only places that limitation on the liability it creates, but after specifying that the claimant shall state, in the bill or petition which may be filed, when the contract in question was completed, proceeds further to provide that "the court shall permit amendments *to any part of the pleadings.*" In other words, the very statute creating the liability in question, and limiting it as it does, itself says that amendment shall be permitted to the plead-

ings, which the statute requires shall show when the contract was completed. Therefore we hold that in a suit brought under this statute, the petition or bill filed in bringing suit may be amended under the provisions of the statute itself, and this may be done before or after the expiration of 4 months after the contract has been completed or the final delivery of material made, and if the petition or bill, as so amended, shows that the claimant has brought itself clearly within the prescribed requirements necessary to confer the right sought to be enforced under the statute, the relief sought may be granted, the defendant purchaser having acquired his rights in the property previous to the filing of the original bill.

The bill filed by the claimant in the case at bar, as amended, alleged a final delivery of material on October 27, 1915, which was within 4 months previous to the filing of the bill and the complainant thus brought itself strictly within the provisions of the statute creating and limiting the liability under which complainant sought to recover from the appellant.

In view of the fact that the Mechanics' Liens Statute itself provides that "the court shall permit amendments to any part of the pleadings," we are of the opinion that where a claimant seeks to enforce a mechanic's lien under that part of the present statute which permits that to be done by bringing suit within 4 months after the final delivery of material, the rights of the claimant under an amended petition or bill are to be determined just as they were under such a petition or bill filed under the former statute requiring a claimant to enforce his lien, if at all, by filing a statement of his claim with the clerk of the circuit court within 4 months after the final delivery of material, but where no amendment of the *statement* of claim required by the statute was involved. The provision of the present statute as to amendment of pleadings in proceedings brought under the statute was a part of

the statute previous to the amendment allowing a claimant to enforce his lien by bringing suit within 4 months. In construing the rights of a mechanic's lien claimant, under ʿan amended *petition* or *bill* brought under the former statute, our Supreme Court has held that the amended petition or bill disclosed a right in the claimant strictly within the statute, although it alleged a date of filing the petition with the clerk which was different from the date alleged in the original bill, or where no date at all was alleged in the original bill and the amended bill was filed after the time within which the statute provided the suit must be commenced. *Treloar v. Hamilton,* 225 Ill. 102.

On the issues of fact made up by the amended bill filed by appellee and the answer thereto filed by appellant, the trial court made a finding for appellee and entered a decree accordingly.

We find no error in the record and therefore the decree of the circuit court is affirmed.

*Affirmed.*