(No. 13358.—Judgment reversed.)

THE NORTH SIDE SASH AND DOOR COMPANY, Appellee, *vs.*
SIGMUND HECHT *et al.*—(WILEY E. HOSIER, Appellant.)

*Opinion filed December 21, 1920.*

1. APPEALS AND ERRORS—*point not assigned in Appellate Court is waived in Supreme Court.* An appellant who fails to assign and argue a point in the Appellate Court waives his right to urge the point in the Supreme Court.

2. SAME—*when finding of the chancellor will not be disturbed.* The Supreme Court will not disturb the finding of the chancellor on a question of fact unless it is manifestly against the weight of the evidence.

3. MECHANICS' LIENS—*rights of parties are governed by law in force when contract was made.* The rights of the parties in a suit under the Mechanic's Lien act are governed by the law in force at the time the contract was made.

4. SAME—*the statutes for mechanics' liens must be strictly construed.* Mechanics' liens exist only by virtue of statutes creating them, and such statutes must be strictly construed with reference to all requirements upon which the right to a lien depends.

5. SAME—*bill must allege facts showing action is brought within required time.* As the limitation of the time in which a suit may be brought under the Mechanic's Lien act is not merely of the remedy but of the right of action itself and the cause of action exists subject to the limitation, a bill to enforce a lien must allege or state facts showing that the action is brought within the time prescribed by the statute.

6. SAME—*when amendment of bill is beginning of new suit.* Where the original bill to enforce a mechanic's lien against a pur-

chaser shows that the last delivery of material was not made within four months before the filing of the bill an amendment changing the date of the last delivery amounts to the bringing of a new suit, and no lien can arise, where no claim for lien was filed, if the date of the amendment is more than four months after the date of the last delivery. (*Treloar* v. *Hamilton*, 225 Ill. 102, and *Eisendrath Co.* v. *Gebhardt*, 222 id. 113, distinguished.)

7. SAME—*section 12 of Mechanic's Lien act is merely declaratory of right to amend under chancery practice.* Section 12 of the Mechanic's Lien act, allowing the court to permit amendments to any part of the pleadings in a suit under the act, is merely declaratory of the right to amend under the existing chancery practice and does not purport to authorize an amendment that shall be effective from the beginning of the original suit.

8. SAME—*bill must allege facts showing complainant is entitled to relief.* It is essential to the jurisdiction of the court in a proceeding to enforce a mechanic's lien that the bill show on its face a cause of action, which includes every fact necessary for the complainant to prove to entitle him to succeed or which the defendant would have a right to traverse.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.

FYFFE, RYNER & DALE, for appellant.

EDMUND W. FROEHLICH, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

February 19, 1916, appellee filed its bill of complaint in the circuit court of Cook county to foreclose a mechanic's lien on three certain lots in the city of Chicago for balance claimed to be due for furnishing material for the construction of buildings thereon. Helena Hecht, owner of the property at the time the contract was made, Wiley E. Hosier, owner of the property at the time the bill was filed, and others, were made defendants. Appellee in its

bill alleged that it made its last delivery of materials to the premises on February 27, 1915, and that there was a balance of $1928.70 due it on such materials. September 16, 1916, the bill was amended by leave of court to show that the last delivery of material was made October 27, 1915. Appellant answered the amended bill, admitting ownership of the property in Helena Hecht at the time alleged in the bill but denying that the last delivery of material was made October 27, 1915, or that the last delivery was within four months prior to the date of the beginning of this suit. He averred that he became the owner of lot 3 of said property April 15, 1915, and that appellee had not furnished any material for the building after that date, and that it had not filed any claim for a lien with the circuit clerk prior to the bringing of the suit. The cause was referred to the master in chancery, who took proof and reported recommending the foreclosure of the lien in favor of appellee for the amount claimed. Objections to the report were overruled and were ordered to stand as exceptions. On hearing the chancellor confirmed the report of the master, entered a decree in favor of appellee and ordered the sale of the property on default of payment of the claim. On appeal the Appellate Court for the First District affirmed the decree and granted a certificate of importance. This appeal is prosecuted to review that judgment.

Appellant contends that the facts proven do not warrant the finding of the master that the date of the last delivery of material was October 27, 1915, or that there was any delivery of material within four months of the time of the bringing of the suit. Appellant did not assign and argue this point before the Appellate Court, as is made to appear by the certified copy of his brief and argument in that court filed in this court, and he has therefore waived his right to urge the point in this court. (*Gunning* v. *Sorg,* 214 Ill. 616.) Furthermore, the master heard all the evidence on

this point and found that the last delivery of millwork was on October 27, 1915. The chancellor considered and confirmed this finding, and we are not authorized to disturb it unless it is manifestly against the weight of the evidence, (*Treloar* v. *Hamilton,* 225 Ill. 102; *Siegel* v. *Andrews & Co.* 181 id. 350; *Williams* v. *Lindblom,* 163 id. 346;) and the evidence does not warrant such a finding by us.

The principal contention of appellant is that the original bill filed in this case failed to show by specific allegations that it was filed within four months after the date of the last delivery of material, and that the bill as amended stated the only cause of action that was stated in the case and must be considered as the beginning of this suit, and, therefore, not filed within the time required by the Mechanic's Lien act. This contract was made September 15, 1914, and the rights of the parties are governed by the law in force at that time. (*Treloar* v. *Hamilton, supra; Eisendrath Co.* v. *Gebhardt,* 222 Ill. 113.) Section 7 of the Mechanic's Lien act provides that no contractor shall be allowed to enforce such lien against or to the prejudice of a purchaser, unless, within four months after completion of the contract, or, if extra work is done or additional material is delivered therefor, within four months after the completion of such extra work or the final delivery of such additional material, he shall either bring suit to enforce his lien therefor or shall file with the clerk of the circuit court of the county in which the building to be charged with the lien is situated, a claim for the lien verified by affidavit. (Hurd's Stat. 1917, p. 1875.) No verified claim was filed with the circuit clerk. Where suit is brought to enforce the lien, section 11 of the same act provides that the bill or petition shall contain a brief statement of the contract on which it is founded; the dates when made and when completed; if not completed, why; the amount due and unpaid; a description of the premises which are subject to the lien, and such other facts as may

be necessary to a full understanding of the rights of the parties.

Mechanics' liens were not recognized by the common law nor allowed in equity independently of statute but they exist only by virtue of statutes creating them and providing a method for their enforcement, therefore such statutes must be strictly construed with reference to all requirements upon which the right to a lien depends. (*Cronin* v. *Tatge,* 281 Ill. 336; *Turnes* v. *Brenckle,* 249 id. 394; *May Brick Co.* v. *General Engineering Co.* 180 id. 535.) This is true notwithstanding section 39 of the act, which provides: "This act is and shall be liberally construed as a remedial act."

As we have seen, section 11 of the act makes the date of the last delivery of material an essential and necessary averment, and section 7 limits the right of recovery to those cases where the bill or petition is filed within four months after the date of the last delivery of materials. It appears from the face of the original bill that the last delivery of material was on February 27, 1915, which was more than four months prior to February 19, 1916, the date of the filing of the bill. It was essential to the jurisdiction of the court that the bill show on its face a cause of action. A cause of action includes every fact necessary for the complainant to prove to entitle him to succeed,— every fact that the defendant would have a right to traverse. (*Walters* v. *City of Ottawa,* 240 Ill. 259.) A want of allegations in the bill to sustain the relief sought is as fatal as the lack of proof to show complainant entitled to such relief. (Fletcher's Eq. Pl. & Pr. sec. 87.) The time fixed for commencing an action under the Mechanic's Lien act is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone. The provision of the statute creating the lien, requiring suit to be brought within four months, is more than an ordinary statute of limitations. It goes to the existence of the right

itself. It is a condition attached to the right to sue at all. It is a condition precedent to the right of recovery granted by the act that the action be brought within four months after the date of the last delivery of materials. Inasmuch, therefore, as the limitation of the time in which to sue is considered not merely of the remedy but of the right of action itself, and the cause of action exists subject to the limitation, the bill must allege or state facts showing that the action is brought within the time prescribed by the statute. (18 R. C. L. 986; *Hartray* v. *Chicago Railways Co.* 290 Ill. 85; *Sharp* v. *Sharp,* 213 id. 332.) By the amended bill, which was filed September 16, 1916, this essential averment was made, and it must be held that the suit was not begun until the amended bill was filed. (Story's Eq. Pl.—6th ed.—sec. 904; *Bishop* v. *Chicago Railways Co.* 290 Ill. 194.) This being true, appellee failed to bring suit within the four months' period required by the statute, and it therefore established no lien and was not entitled to have a lien on the property of appellant.

Appellee relies on *Treloar* v. *Hamilton, supra,* as conclusive of the question here presented. While it appears from the statement of facts in that case that the original bill stated no cause of action, the question was not passed upon by the court in its opinion and it does not seem to have been raised. The law in force at that time required the contractor to file with the clerk of the circuit court a claim, and further required that he commence suit within two years after the filing of such claim. The first amended bill, which was filed October 6, 1897, alleged the date of the filing of the claim to be October 7, 1895. December 2, 1904, when the cause came on to be heard on the report of the master and exceptions thereto, appellant moved to dismiss the bill because of a variance between its allegations and the proof. The variance pointed out was that the bill as amended alleged the filing by appellee of his claim on October 7, 1895, while the claim introduced in evidence was

filed July 19, 1895. Appellee thereupon, by leave of court, amended his bill to conform to the proof, and the court held that "merely changing the date at which the claim for lien was alleged to have been filed from October 7 to July 19 was not the statement of a new cause of action." That holding was based upon the decision in *Eisendrath Co. v. Gebhardt, supra.* In the case last cited the amended bill corrected some errors of description of the building contract, and the court held that the amended bill did not state a new cause of action. The facts in those cases are different from the facts in this case and the decisions are not controlling.

Appellee contends, further, that section 12 of the Mechanic's Lien act authorizes the amendment made in this case, and that such amendment must therefore be considered as effective from the date of the filing of the original bill. This was the view taken by the Appellate Court. That section provides: "The court shall permit amendments to any part of the pleadings * * * that are or may be authorized in proceedings in chancery, * * * and the rules of practice and proceedings in such cases shall be the same as in other cases in chancery, except as is otherwise provided in this act." The section is merely declaratory of the right to amend, already permissible under the chancery practice in this State, and the rule that prevails in chancery practice would determine the time such amendments take effect. The section does not purport to authorize an amendment that shall be effective from the beginning of the original suit.

Inasmuch as the lien was not established in accordance with the provisions of the Mechanic's Lien act, the judgment of the Appellate Court and the decree of the circuit court are reversed.                     *Judgment reversed.*