## George Green Lumber Company, Appellee, v. John Fendl et al., on Appeal of Arthur Taylor et al., Appellants.

### Gen. No. 31,493.

MECHANICS' LIENS—*extension by subcontractor of time of payment as affecting time for enforcement of·lien.* Under Cahill's St. ch. 82, ¶ 33, providing a subcontractor shall begin suit to enforce his lien within four months after his final payment is due, all his rights to start suit expire within four months after his principal contractor becomes entitled to final payment, and cannot be further extended by any agreement with the contractor· that the latter may have more time to pay the bill owing the subcontractor.

Appeal by defendants from the Circuit Court of Cook county; the Hon. IRA. RYNER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed and remanded with directions to dismiss. Opinion filed October 19, 1927.

FRANK F. TOLLKUEHN, for Arthur C. Taylor and Reniee Taylor, appellants.

JOHN THORNTON GILBERT, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal by the defendants from a decree granting the petitioner, George Green Lumber Company, a mechanic's lien in the sum of $599.47.

The defendants, Arthur C. Taylor and Reniee Taylor, his wife, were owners in fee of certain real estate in Cook county, known as Lot 225 Downing's Subdivision. On August 6, 1924, they conveyed it by trust deed to the defendant, Union Trust Company of Chicago to secure certain notes and interest. On July 12, 1924, the. Taylors and the defendant, Fendl, entered into a written contract whereby Fendl was to repair and remodel the buildings on the property ·for $4,100. The contract provided that $200 should be paid down,

90 per cent paid as the work progressed, and the "balance to be paid when the work is completed." On July 17, 1924, the petitioner, who is here suing as a subcontractor, entered into an agreement with Fendl, the original contractor, to furnish to the property in question certain specified items of lumber and material. The terms of their agreement were contained in a letter of the petitioner to Fendl. As to payment, it contained the following, "Terms payable within 60 days from date of last material." The master found that it was agreed between them that the price of the material should be $875, payable 60 days from the date of the last delivery; that between July 28 and October 15, 1924, the petitioner had delivered material, the charge for which was $639.74; that owing to certain agreed upon charges, all the estimated material was not delivered; that in the course of performance by the petitioner, at the request of Fendl, the petitioner delivered $256.53 of extra material which it was agreed should be paid for within 60 days after final delivery; that the total amount to be paid by Fendl to the petitioner was $866.27; that Fendl made certain payments to the petitioner, leaving a balance due of $599.47; that the petitioner fully completed its deliveries and contract with Fendl on October 15, 1924.

On December 11, 1924, the petitioner served a notice of a claim for a mechanic's lien on the Taylors. That notice contained the following:

"And that beginning with the 28th day of July, 1924, and concluding with the 15th day of October, 1924, we furnished and delivered to said premises upon the orders of said John Fendl * * * material of the * * * value of $872.58; of which said sum there has remained due and owing to us an unpaid balance of $599.47, since the 15th day of October, 1924, and that we will hold said premises * * * liable therefor."

The master, also, found that on November 5, 1924, Fendl drew a superintendent or architect's certificate addressed to the Union Trust Company of Chicago, by which said John Fendl certified that the complainant was entitled to payment in the sum of $483.87 for the lumber and millwork delivered to said premises and used on the same in and about making said alterations, improvements, additions and that said certificate was on or about the same date thereof presented to Arthur C. Taylor and Reniee Taylor, his wife, who wrote their indorsements on the same and directed the Union Trust Company, to pay to said George Green Lumber Company, $483.87; that said sum was never paid to the petitioner.

The master found that, although the last of the material was delivered by the petitioner on October 15, 1924, and the notice of a claim for lien was served on the Taylors on December 11, 1924, and the petition for a lien was filed on April 13, 1925, more than four months—the time fixed by section 33 of the Lien Act—after the last material was delivered by the petitioner, nevertheless, by reason of the terms of the contract between Fendl and the petitioner, the purchase price of the material sold by the petitioner to Fendl did not become due until 60 days after October 15, 1924, the date of the last delivery, that is, until December 15, 1924, and that the statement in the notice of December 11, 1924, that there remained an unpaid balance of $599.47 since October 15, 1924, in no way affected the 60 days provided for in the agreement between Fendl and the petitioner, or its rights against the owners, and that the petitioner had the right to file its petition, as it did, on April 13, 1925, being less than four months after December 15, 1924, because it was within four months "after the time the final payment" was due the petitioner, that is, was due the "contractor or laborer or party furnishing the material." (Section 33 of Lien Act, Cahill's St. ch. 82, ¶ 33.)

The only notice given by Fendl, in the course of the fulfillment of his contract, as to work and materials furnished by the petitioner, and as to amounts, was served on August 26, 1924, on the Union Trust Company, for the purpose of procuring from the latter certain payments, on account of the owners. It recited, among other things, that the petitioner had furnished material at a charge of $705, and had been paid $265.

The chief question of general importance in the case, therefore, is whether the time within which a subcontractor may begin suit is confined to the time within which the original contractor may do so. Although the time began to run against the original contractor from October 15, 1924, when the last delivery was made, and at which time the original contract provided the balance was to be paid by the owners, does the law permit the subcontractor, by reason of his agreement that the original contractor shall have 60 days from the date of delivery within which to pay him, to measure the statutory four months from the expiration of the 60 days, even though meanwhile the original contractor's time would have expired? The petition was filed on April 13, 1925, more than four months after October 15, 1924, when the last delivery was made. Section 33 of the Lien Act, Cahill's St. ch. 82, ¶ 33, provides that such suits shall be begun within four months from the date on which payment became due. As far as the owners were concerned—there being shown nothing to the contrary—their obligations in money were measured by the contract with the original contractor, and when the last delivery on October 15, 1924, was made, presumably their whole indebtedness was not only fixed in amount, but under their contract, and by its express terms, then due. There is no evidence that they knew that material had been furnished by the petitioner for which there would be no liability on the part of the original contractor for 60 days after October 15, 1924.

Although Fendl served a notice on August 26, 1924, on the Union Trust Company for the purpose of procuring payments for the owners' account, it stated nothing about Fendl having 60 days' credit on petitioner's account; it set forth as to the state of the petitioner's account, as of that time, that the amount of the petitioner's contract was $705 and that of it $265 had been paid. When then, after October 15, 1924, the statutory period, four months had elapsed, the property became, at once, immune. There might be outstanding obligations as to the accounts between the petitioner and Fendl, or between either or both of them and the owners, but all rights of the petitioner to a subcontractor's lien were at an end when the four months, after the last delivery, had expired. There is nothing in the Lien Act that suggests that the subcontractor's lien time may be extended beyond that of the original contractor. Reasonably considered, the subcontractor's rights are within and not greater than those of the original contractor. Otherwise, by an understanding between them, there might be as against the owner an outstanding right to a subcontractor's lien extending to the full period of the particular limitations, 5 or 10 years. *Zenco Electrical Supply Co. v. South Shore Electric Co.,* 177 Ill. App. 553; *VonPlaten v. Winterbotham,* 203 Ill. 198; *Torrance v. Bowton,* 96 Ill. App. 475; *North Side Sash & Door Co. v. Hecht,* 295 Ill. 515; *Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84; *Beck Coal & Lumber Co. v. H. A. Peterson Mfg. Co.,* 237 Ill. 250.

In the view we take of the case, it is not necessary to consider other matters which are discussed by counsel in their briefs. The suit having been begun after the time fixed by the Lien Act had expired, the decree will be reversed and the cause remanded with instructions to dismiss the petition.

*Reversed and remanded with directions to dismiss.*

HOLDOM and WILSON, JJ., concur.