Material Service Corporation, Appellant, v. George W. Ford et al., Appellees.

Gen. No. 32,855.

Opinion filed November 19, 1928. Rehearing denied December 3, 1928.

OLIVER C. HEYWOOD, for appellant.

DANIEL L. MADDEN and ROY C. MERRICK, for appellees.

Mr. JUSTICE McSURELY delivered the opinion of the court.

By this appeal complainant seeks the reversal of a decree dismissing for want of equity its bill of complaint whereby it sought to establish a subcontractor's lien upon the premises owned by Ford and Parker, defendants, to the amount of $3,099.58.

March 28, 1924, defendants, Ford and Parker, owners of certain real estate in Chicago, made a contract with J. C. Blakeslee to erect a building thereon. Blakeslee made an agreement with the complainant whereby it was to furnish stone, cement and sand to be used in the job. Construction of the building proceeded, but the subcontractor not being paid filed this bill to enforce a lien for the materials furnished.

The cause was referred to a master in chancery, who after hearing the evidence reported that the complainant was entitled to its lien as prayed for. Upon hearing the exceptions to this report the chancellor decreed that the bill be dismissed for want of equity. A number of points are argued in the briefs, but we shall notice only one of these, which, in our opinion, is controlling.

Was the bill filed within the statutory period of four months? Section 33 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 33, provides that suit must be commenced by a subcontractor "within four months after the time that the final payment is due the sub-

contractor, laborer or party furnishing material.''
Defendant claims that there was no work done nor
material delivered to the premises at any time after
June 7, 1924, while complainant contends that the evi-
dence shows that there was material delivered on
June 19th. Without narrating the variant testimony
on this controverted point, we are inclined to hold that
much the stronger evidence indicates that the defend-
ant's version is correct. Virtually all of the witnesses
testify that all work was ended on June 7th. How-
ever, we do not deem it necessary to determine which
was the correct date of the last delivery for the reason
that complainant's bill was filed October 21, 1924,
which was after the four months' statutory limita-
tion had expired whether counted from June 7th or
June 19th.

The argument of complainant is that it had an
agreement with Blakeslee, the contractor, that its bills
should be paid on the 10th of the month following the
month of delivery, hence the bill for June deliveries
would not be due until July 10th, and that counting
from this date would bring the time of the filing of its
bill—October 21—within the statutory four months.
Complainant invokes the language of the statute,
namely, that the action must be commenced within
four months ''after the time that the final payment is
due the subcontractor.'' Is final payment due when
deliveries are completed or at the time that the sub-
contractor agrees with the contractor that the account
may be paid?

This question was under consideration by another
division of this court in *George Green Lumber Co. v.
Fendl*, 246 Ill. App. 132, where it was held that the final
payment is due a subcontractor, within the meaning of
section 33, Cahill's St. ch. 82, ¶ 33, at the date of the
last delivery of material, regardless of any private
arrangement between the contractor and the subcon-
tractor extending the time of payment. Although

complainant questions this opinion as not being in point, we are unable to distinguish it in any essential way from the instant case. As was said in that opinion, although there might be outstanding obligations as to the accounts between the contractor and the subcontractor, "all rights of the petitioner to a subcontractor's lien were at an end when the four months, after the last delivery, had expired. There is nothing in the Lien Act that suggests that the subcontractor's lien time may be extended beyond that of the original contractor. Reasonably considered, the subcontractor's rights are within and not greater than those of the original contractor. Otherwise, by an understanding between them, there might be as against the owner an outstanding right to a subcontractor's lien extending to the full period of the particular limitations, 5 or 10 years."

This is the only construction of the statute that can reasonably be made, otherwise, a materialman might sell material on five years' credit on an open account or take a note or any other promise to pay in the future and the owner of the premises would have no means of knowing when the rights of the subcontractor to a lien had expired.

We do not read the cases cited by appellant as deciding to the contrary, nor do we find that the precise point has been passed upon by our Supreme Court or in any other reported decisions in this State except the *George Green Lumber Co.* case above referred to.

We do not deem it necessary to discuss the other points presented. From what we have said it follows that the decree of the chancellor dismissing the bill was proper and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.