Blackfobd, J.
An execution was issued by a justice of the peace in favour of Hamilton against one Thomas, and was levied upon a carpet, table, &c., found in the possession of the execution-debtor. Afterwards, viz., in ^November, 1840, Mitchell filed with the justice an affidavit, setting out that he was the owner of the goods by virtue of a certain mortgage, &c., and claimed the property. The right of property was tried 'before the justice by a jury, and a verdict and judgment ren-lered for the defendant. The plaintiff appealed.
On the trial in the Circuit Court, the plaintiff offered in *evidence a mortgage in his favour on the goods,. proved to have been executed to him by Thomas on the 31st of October, 1840, and before the execution under which they had been taken was issued. The mortgage was given to secure the payment of a bona fide debt of $299, which was to *140 be paid on. the 6tb of November, 1841. 'If the money should not be paid when due, the mortgagee was authorized to take possession of the goods, sell them, and, after satisfying the mortgage-debt, pay the overplus to the mortgagor. The goods were to remain in the mortgagor’s possession until he should make default in the payment of the debt. The mortgage was proved before the recorder of the county on the 12th of November, 1840, and was.recorded on the same day.
The admission of the mortgage as evidence was objected to, but the objection was overruled. There was no evidence in the cause except the mortgage. The Circuit Court gave judgment for the plaintiff.
One question in this cause is, whether the mortgage was admissible as evidence? It is objected to on the ground that the recorder had no authority to take the proof of it. The statute requires such mortgages to be acknowledged or proved, and recorded within a certain time; but it does not say before whom the acknowledgment of proof shall be taken. Rev. Stat., 1838, p. 470. "We think that, under these circumstances, the proof could be made before the recorder, who had, when the statute just mentioned was passed, and who still has, authority to take the acknowledgment and proof of other deeds required to be recorded. Rev. Stat., 1838, p. 312. Whether the mortgage, in this case, woujd have been admissible evidence without its having been acknowledged or proved and recorded, it is noi necessary now to examine.
There is another question in the cause, viz., whether tht plaintiff, by virtue of the mortgage, could sustain the claim filed? To sustain it, he must not only show'the property to be his, but also that he was entitled to its immediate possession when he filed his claim; because a judgment in his favour gives him the possession.
The mortgagor, who is the execution-defendant, was in ' possession of the goods at the date of the mortgage, and had, by the express terms of the contract, a right to possess them for nearly a year after the levy was made and the claim filed. *The plaintiff, therefore, Who is the mortgagee, *141 could Rave no right to the possession of the goods when he filed the claim, unless the levy of the execution gave him such right. But. it is impossible to suppose that the levy could produce that effect. If the property was liable to the execution, the purchaser at the sheriff’s sale would have the same interest in it which the mortgagor previously had; and if it was not so liable, the injury occasioned by the levy would be a cause of action for the mortgagor, who would be answerable for the goods to the mortgagee, at the expiration of the term, if the debt were not then paid. In no event could the mortgagee claim possession of the goods from the mortgagor or from any other person, until the time had elapsed for which, under the contract, the mortgagor was to possess them.
J. 8. Newman, for the plaintiff.
C. B. Smith, for the defendant.
This is similar to the case where goods are leased for a definite period, and they are sold, during the term, on an execution against the tenant. In such case, the lessor can neither support trespass for taking the goods, nor trover for their conversion, supposing them not subject to the execution. The reason is, that he has no right to the immediate possession of the goods. Gordon v. Harper, 7 T. R., 9.
In the case before us, the plaintiff avers the goods levied on to be his. and should he recover, they must, according to the statute, be delivered over to him; and he exhibits a mortgage as the foundation of his suit. But that mortgage itself shows he had no right to the possession of the goods when he filed his claim. The consequence is, the suit must fail.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.