Nov. Term,
1843.

PHILBRICK
v.
GOODWIN.

---

PHILBRICK *v.* GOODWIN.

On a trial of the right of property in goods taken in execution, the claimant cannot recover unless he prove himself entitled to the immediate possession of the goods.

Saturday,
December 16.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was a trial of the right of property claimed by *Goodwin*.  An execution had issued in favour of *Philbrick* against the goods of one *Jackson*, and was levied

on a wagon, &c., found in the latter's possession. There was a trial of the right of property before a justice of the peace, and judgment rendered in favour of the claimant.

On the trial in the Circuit Court on appeal, the claimant gave in evidence a mórtgage in his favour on the goods in question, executed by *Jackson* before the execution on which they had been taken was issued. The mortgage stated that before its execution, the mortgagee had become the surety of *Jackson* for the payment of two promissory notes not then due ; that if the mortgagor should pay the notes as they became due, and keep the mortgagee harmless, the deed should be void ; and that until the forfeiture of the mortgage, the mortgagor should have the use of the property, but should not dispose of it without the mortgagee's consent. The mortgage, at the time of the trial, had not been forfeited, the notes mentioned in it not being due, and the mortgagee having lost nothing by his suretyship. On this evidence, judgment was rendered for the claimant.

As the execution-defendant was in possession of the goods at the date of the mortgage, which was before the execution issued, and continued to possess them under the express terms of the mortgage until the time of the trial, the claimant had no right to recover. *Hamilton* v. *Mitchell*, 6 Blackf. 131.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman* and *P. L. Spooner*, for the plaintiff.

*E. Dumont*, for the defendant.