## LICHTENBERGER v. GRAHAM.

HUSBAND AND WIFE.—*Agency of Husband.*—*Authority from Wife.*—That a married woman may be bound by the act of her husband in selling or exchanging her personal property, it is not necessary that she should authorize him to thus act as her agent before the sale or exchange made by him. Such authority may be given by her at the time of the transaction, or she may ratify his act afterward.

SAME.—*Presumption as to Law of Another State.*—*Personal Property.*—The courts of Indiana will presume that the common law is in force in Kentucky, and, therefore, that personal property received in payment for land sold by a married woman in that state became the property of her husband. And, in such case, the subsequent removal of the husband and wife to Indiana, bringing with them such personal property, would not divest the ownership of the husband.

SAME.—*Sale of Wife's Chattels by Husband.*—Where a married woman knows that her husband has traded her personal property to a third person for other personal property, which she allows him to keep for a long period and then to sell or trade away, and asserts no claim to her property till it has been, with her knowledge, kept for a long period by such third person, and has been again traded by him to another, she may not recover possession thereof, on the grounds that she did not authorize its transfer, and that she did not know the law.

From the Posey Common Pleas.

*E. M. Spencer, W. Loudon, H. Prichard,* and *Baker, Hord & Hendricks,* for appellant.

*W. Harrow* and *W. M. Hoggatt,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, to recover personal property of which she alleges she is owner and entitled to the possession, and which, she

Lichtenberger *v.* Graham.

alleges, was unlawfully detained by the defendant. The action originated before a justice of the peace. The answer was the statutory general denial.

From the judgment of the justice of the peace, there was an appeal to the common pleas, where, upon trial by jury, there was a verdict and judgment for the plaintiff, a motion for a new trial having been made by the defendant and overruled by the court.

Overruling the motion for a new trial is assigned as error. The facts, in substance, are as follows:

Some four years before the time of the trial, the plaintiff owned a tract of land in Kentucky, which she sold, and received in part payment therefor a mule, the property in question. The land had been the property of the husband, was sold on execution against him, bought in by his father, and then conveyed to the appellee. Not long after this, she and her husband removed to this State, and brought the mule with them. In the fall following, the husband of the plaintiff traded the mule to one Williams for a mare. The husband kept the mare five or six months, and then sold or traded her off. The plaintiff testified that she was not present when the trade was made of the mule for the mare, and never authorized her husband to dispose of the mule. Williams, the party to whom the mule was traded, lived about three miles from the plaintiff, and he kept the mule nearly two years, when he traded it to the defendant. During the time Williams kept the mule, she made no claim to it, and did not claim it from the defendant until just before the commencement of this suit. She did not know at the trial where the mule was. She got possession of it by the writ in this case, let her husband take and ride it to Illinois, and when he came back he told her it was strayed or stolen. The reason she did not claim the mule sooner was, that she did not know, until the time she took it from the defendant, "that the laws of Indiana gave it to her."

These are the facts as given by the plaintiff in her testimony. During the time that Williams owned the mule, he

drove it in his team past the house of plaintiff almost every week.

The question of the authority or agency of the husband to trade the mule, and the approval and ratification of his act, being before the jury, the court instructed them as follows:

"Before you can find that Mrs. Graham is bound by the act of her husband in disposing of the mule in controversy, there must be some proof that she authorized him thus to act as her agent before the sale or exchange made by him."

We think this instruction was wrong. The authority of the wife might have been given at the time of the sale, or she might have approved and ratified the act afterward, and the authority need not have been conferred before the making of the sale.

There is another point presented which we think must be decided in favor of the appellant. We must presume that the common law is in force in Kentucky. *Smith* v. *The Muncie National Bank*, 29 Ind. 158, and cases cited. By that law, the mule became the property of the husband, when received in part payment for the land sold by the wife. The fact that the husband and wife afterward removed to this State did not divest the ownership of the husband, and make the mule the separate property of the wife under the statute of this State.

The facts disclosed by the record indicate a willingness on the part of the appellee to assert her stale claim without much regard to the rights of others, or to common fairness and honesty. She must have known that her husband had traded the mule for the mare; yet she made no objection, but allowed her husband to keep the mare, and afterward to trade her off, before she asserted any claim. While the "law of Indiana" gives to married women rights superior to those which they enjoy in some of the other states, it has not released them from the obligations of good faith and common honesty.

The judgment is reversed, with costs, and the cause remanded for a new trial.