SMITH ET AL. *v.* PETERSON ET UX.

HUSBAND AND WIFE.—*Goods Purchased by Wife in another State.—Common Law.—Statute of Foreign State.—Presumption.—Rights of Property.—Exe-*

*cution.*— Certain household goods, purchased by a married woman, with her own means, and used in her husband's household, in another State, were removed by them into this State, where they were seized upon an execution against a third person.

*Held,* in an action by the wife and her husband, to try the rights of property, that it is presumed, the contrary not being alleged and proved, that the common-law rule, vesting such goods in the husband, prevailed in such other State, and that, for want of title in herself, she can not recover.

From the Clarke Circuit Court.

*P. H. Jewett* and *C. L. Jewett,* for appellants.

*J. B. Merriwether,* for appellees.

BIDDLE, J.—Action to try the right of property. The goods, consisting of household furniture, were levied on by Schell, as constable, by virtue of a writ of restitution issued by the justice of the peace, at the suit of Jane Smith, as the property of Thomas R. Lord and his wife, and claimed as the property of Jane Peterson, who brings this action, joining Peter Peterson, her husband, in the complaint. No question is made upon the pleadings. The claimant failed before the justice of the peace, and judgment was rendered against her. She appealed to the circuit court, wherein, upon a trial by the court, a finding was had in her favor.

By a motion for a new trial, two questions are brought here for our decision: Is the finding sustained by the evidence? Is the decision contrary to law?

The evidence shows that Jane Peterson is, and has been for many years, the wife of Peter Peterson; that she purchased the goods in controversy, during coverture, in the State of Kentucky, by means furnished to her by her brother; that the property was received into the household of the husband, in the State of Kentucky, and used for the common benefit of the family; that some years since they removed into the State of Indiana, from the State of Kentucky, bringing the goods with them, where they were levied on, as stated in the complaint; that they

have lived together as husband and wife ever since their marriage, in 1843.

There is no evidence in the record tending to contradict the above facts; we have, therefore, no question concerning the conflict of evidence to decide. The question is, does that state of facts show the property of the goods to be in Jane Smith? By the common law they would be the goods of the husband. No statute or law of Kentucky changing the common law was either alleged or proved at the trial, and we can not judicially know that there is any such statute or law in Kentucky; we must, therefore, presume that the common law, as to the rights of property between husband and wife, is yet in force in Kentucky. As, by this law, the goods belonged to the husband while in Kentucky, his removal to this State, bringing them with him, did not divest his right in the goods. *Lichtenberger* v. *Graham*, 50 Ind. 288. As Jane Peterson has not shown herself to be the owner of the property, and entitled to its possession, she is not entitled to judgment in her favor. *Philbrick* v. *Goodwin*, 7 Blackf. 18.

The judgment is reversed, at the costs of Peter Peterson; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings according to this opinion.