(No. 17589.—Reversed and remanded.)
WALTER LIESE, Plaintiff in Error, *vs.* LUDWIG HENTZE
*et al.* Defendants in Error.

*Opinion filed October 22, 1927.*

1. JOINT TENANTS—*conveyance by one joint tenant will sever joint tenancy.* A joint tenancy, even though the joint tenants be husband and wife, may be severed by one joint tenant conveying his or her interest to a stranger, and as a result of such conveyance the property vests in the grantee of the joint tenant so conveying and the other joint tenant in fee simple, as tenants in common.

2. MECHANICS' LIENS—*when right to lien depends on notice to owner.* The contractor or materialman's right to a lien depends upon service of notice to the owner unless the original contractor has furnished the owner with a sworn statement as to contractors and materialmen as required by the Mechanic's Lien act.

3. SAME—*statute must be strictly followed to make a lien effective.* While the Mechanic's Lien act is to be liberally construed as a remedial act, mechanics' liens exist only by virtue of the statute creating them, and the statute must be strictly followed with reference to all requirements on which the right to a lien depends.

4. SAME—*when interest of joint tenant is not subject to lien because of want of notice.* Where the owners are joint tenants and no sworn statement as to contractors and materialmen has been

furnished, service of notice on each joint tenant is necessary to bind the tenant's interest, and where notice is served on a husband but not on his wife, who was joint tenant with him, her interest cannot be made subject to the lien.

5. SAME—*when owner paying contractor does not avoid lien of materialman.* An owner of property, to avoid the lien of the materialman when paying the contractor, must require the contractor to supply a sworn statement concerning the bills of sub-contractors and materialmen as provided in section 5 of the Mechanic's Lien act, and where he fails to do so and the contractor pays the materialman without specifying to what account the payment shall be credited, the materialman may credit the payment to the contractor's general account and look to his lien against the property for the material furnished.

6. DEBTOR AND CREDITOR—*general rule as to application of payments.* The debtor may control the application of a payment made on his account and if he does not do so the creditor may apply it where he chooses, and in the absence of an exercise of an option by either party the court will make such application as seems just and equitable; but in case of the creation of a trust fund, or where there is a special equity in a particular fund for certain payments, the court will see that the fund is applied in accordance with the principles of equity.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

L. N. NICK PERRIN, JR., for plaintiff in error.

TURNER, HOLDER & BULLINGTON, P. K. JOHNSON, and W. E. KREBS, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, doing business as the Liese Lumber Company, filed his bill in the circuit court of St. Clair county to enforce a mechanic's lien to secure the payment of $1212.96 for material furnished George W. Reinhardt, a contractor, in the erection of a house on the lots of defendants in error Ludwig and Emielie Hentze, owned by

them in joint tenancy. Defendant in error the Belleville Savings Bank, trustee under a mortgage placed on said lots after the contract with Reinhardt was signed, was also made a party defendant. The circuit court dismissed the petition. On appeal the Appellate Court held that Liese was entitled to a lien against the interest of Ludwig Hentze only, and that a certain payment by the contractor, hereinafter discussed, should be deducted from the amount claimed. That court also held that the interest of Emielie Hentze was not subject to the lien because she received no notice thereof. The cause comes here by writ of *certiorari*.

The facts are as follows: On or about September 25, 1923, defendants in error Ludwig and Emielie Hentze, husband and wife, entered into a contract with George W. Reinhardt, a general contractor, to erect a dwelling on the lots in question for the sum of $6400. Shortly thereafter, at Reinhardt's request, plaintiff in error furnished certain lumber and other materials for the purpose of constructing said dwelling. The last delivery was made November 26, 1923. All the lumber and materials were used in the construction of the dwelling. The bill of plaintiff in error amounted to $1212.96. On December 26, 1923, plaintiff in error served the following notice on Hentze:

*"To Mr. Louis Hentze, Caseyville Road, Belleville, Ill.*

"You are hereby notified that the undersigned has been employed, and contracted with, by Geo. W. Reinhardt, to furnish said contractor, under his contract with you, certain lumber and various other kinds of building materials for the improvements, located on your property at lot five (5), block ten (10), Twelve Oak addition, Belleville, county of St. Clair, Illinois, and that there is now due or to become due the undersigned therefor, the sum of twelve hundred twelve & 96/100 dollars.

"Dated this twenty-fourth day of December, 1923.

LIESE LUMBER COMPANY,<br>By Geo. W. Reichert."

No notice was served on Mrs. Hentze, but her husband testified that he told her about the notice and showed it to her. On November 2, 1923, defendant in error the Belle-

ville Savings Bank loaned Ludwig and Emielie Hentze $4000, secured by a mortgage on the premises to the bank as trustee. On November 3, 1923, the bank, at the direction of Hentze, turned over to Reinhardt the $4000, and at the instance, solicitation and request of one of the officers of the bank Reinhardt opened a checking account with the bank. On the same day he drew a check on his account for $1000, payable to plaintiff in error, and delivered it to him without any instructions as to the account to which it was to be applied. Reinhardt owed plaintiff in error for other lumber and materials purchased, and the evidence shows that plaintiff in error applied the check to Reinhardt's account other than for materials for the Hentze house. Suit to foreclose the lien was filed February 22, 1924. Reinhardt testified that he had never made to Hentze and his wife a statement in writing, under oath, listing sub-contractors and materialmen and their claims, as provided by the Liens act, and was never requested so to do by either of them. Hentze also testified that the contractor had never furnished him such a statement. Emielie Hentze did not testify.

Two questions arise in this suit: First, is personal service of notice upon Ludwig Hentze only, and directed only to him, also service of notice on his wife, Emielie, his joint tenant? Second, should the payment by Reinhardt to plaintiff in error on account, without direction as to how it was to be applied, be credited on the account of materials furnished for the house in question?

Ludwig and Emielie Hentze owned the lots as joint tenants. Joint tenancy is defined as "where two or more have any subject of property jointly, in which there is a unity of interest, unity of title, unity of time and unity of possession." (2 Blackstone's Com. 180; *Gaunt* v. *Stevens,* 241 Ill. 542.) Prior to the Married Woman's act of 1861 the estate of joint tenancy in husband and wife could not be severed, as such tenants were in law deemed one. It was

a tenancy in entirety, which could not be severed by the conveyance of one of them to a stranger, but since that act such has ceased to be the law in Illinois, and joint tenancy, even though the joint tenants be husband and wife, may be severed by one joint tenant conveying his or her interest to a stranger. (*Lawler* v. *Byrne*, 252 Ill. 194; Washburn on Real Prop.—5th ed.—682.) In *Hardin* v. *Wolf*, 318 Ill. 48, it was held that the execution and delivery of a note and trust deed by the wife to a stranger, if such trust deed is valid, effect a severance of the joint tenancy.

Counsel urge that a joint tenancy, so far as affects this question, is the same as a co-partnership. With this we cannot agree. As a result of a conveyance by one joint tenant to a stranger the property conveyed vests in the grantee of the joint tenant so conveying and the other joint tenant in fee simple, as tenants in common. (*Lawler* v. *Byrne, supra.*) The common law feature of tenancy in entirety has been modified by the power given to either joint tenant to sever the same.

It is not doubted that the provisions of the act in relation to mechanics' liens require that notice to the property owners shall be given by the contractor or materialman. (Cahill's Stat. 1925, chap. 82, sec. 24.) The contractor or materialman's right to a lien depends upon service of notice to the owner unless the original contractor has furnished the owner with a sworn statement as to contractors and materialmen, as required by the act. (*Butler & McCracken* v. *Gain*, 128 Ill. 23.) While the act is to be liberally construed as a remedial act, yet mechanics' liens exist only by virtue of the statute creating them, and such statutes must be strictly followed with reference to all requirements upon which the right to a lien depends. (*North Side Sash Co.* v. *Hecht*, 295 Ill. 515; *Cronin* v. *Tatge*, 281 id. 336; *May Brick Co.* v. *General Engineering Co.* 180 id. 535.) We are of the opinion that in order to bind the interest of Emielie Hentze she must be served with notice. This was

not done, and her interest cannot be made subject to the mechanic's lien in this case. There is no question as to the sufficiency of notice on Ludwig Hentze.

The remaining question is whether the payment of $1000 by the contractor, Reinhardt, to plaintiff in error should be credited on the latter's bill of $1212.96. The Appellate Court held that such credit should be made. The testimony in the record shows that the money was borrowed by the Hentzes at the defendant in error bank and the latter was instructed to pay the same to Reinhardt. This was done. The record does not contain any evidence establishing that it was to be turned over to Reinhardt in trust for the payment of plaintiff in error's claim. There is no evidence tending to show that a trust was established. The evidence is that Hentze, when he requested the loan, stated that the contractor needed it to pay his bills. · The money was turned over to and became the property of Reinhardt. On the next day ·after the Hentzes made the loan Reinhardt gave the check for $1000 to plaintiff in error. According to the testimony he did not designate the account to which it was to be placed. The evidence for plaintiff in error is that he received no instruction from Reinhardt concerning the application of the check and therefore credited it to his general account, which included debts for materials on other contracts and sundry bills. Section 5 of the Liens act provides that the owner may protect himself before the payment of money by requiring the contractor to supply a sworn statement concerning the bills of sub-contractors and materialmen. This was not done. Where the owner makes payment to a contractor without requiring the statement referred to in the Mechanic's Lien act he does so at his peril. ·*Keeley Brewing Co. v. Decorating Co.* 194 Ill. 580.

Defendants in error urge that the court in all instances will look into the transactions surrounding the payment of money to a materialman and will see that it is credited

in accordance with equity and justice. The rule has long been established in this State that the debtor may control the application of payments made on his account, and if he does not do so the creditor may apply it where he chooses. (*Royal Colliery Co.* v. *Coal Co.* 276 Ill. 193; *Haas Electric Co.* v. *Amusement Co.* 236 id. 452; *Barbee* v. *Morris,* 221 id. 382; *Monson* v. *Meyer,* 190 id. 105.) The rule also is, that in the absence of the exercise of an option by either party the court will make such application as seems just and equitable, (*Compound Lumber Co.* v. *Murphy,* 169 Ill. 343,) or, in case of the creation of a trust fund or the existence of a special equity in the fund to be used for the payment of materialmen, the court will see that the fund is applied in accordance with the principles of equity. (*Alexander Lumber Co.* v. *Ætna Accident Co.* 296 Ill. 500.) As we have indicated, the record does not show either the existence of a trust fund or a special equity, but, on the other hand, does show that the debtor did not exercise the privilege of designating the account to which the payment was to be made and that the plaintiff in error applied it to the open or general account of the contractor. There is therefore in this record no basis or reason for deviation from the general rule, and as Hentze did not require a sworn statement of the contractor the second contention of plaintiff in error must be sustained.

The Appellate Court erred in holding that the $1000 should be credited on the lien claim of plaintiff in error, and its judgment is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*