MICHAEL M. ZAWASKI, PLAINTIFF-APPELLANT, v. COLE CONSTRUCTION CORPORATION, A CORPORATION OF NEW JERSEY, BUILDER, DEFENDANT, AND JOHN M. MARTIN AND JESSICA B. MARTIN, HIS WIFE, OWNERS, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 6, 1958—Decided January 15, 1958.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Chauncey A. Plyley* argued the cause for appellant.

*Mr. Sydney V. Stoldt* argued the cause for respondents.

The opinion of the court was delivered by

JAYNE, J. A. D.   The pertinent circumstances and the chronology of their occurrence are disclosed in an acknowledged statement of the facts.   A summary of them will adequately reveal the controversial subject matter of the present appeal.

The defendants John M. Martin and his wife, Jessica B. Martin, were the owners of premises situate on West Crescent Avenue in the Borough of Allendale, Bergen County, upon which they desired to have a dwelling erected.   To achieve that objective they contractually engaged the Cole Construction Corporation to build the residence.   Thereupon the Cole Construction Corporation itself independently employed the plaintiff, Michael M. Zawaski, as a subcontractor to perform the specified carpentry work in the construction of the house.

On June 5, 1956 the plaintiff filed in the office of the Clerk of Bergen County a notice of intention to perform such labor or furnish such materials, or both, in the construction of the building on the designated property.

It is significant to observe that the notice incorporated the following paragraph:

"(c) That any labor and/or materials to be performed or furnished in connection with any building operation upon the said lands under the protection of this Notice will be upon the order of, and at the expense of COLE CONSTRUCTION CORPORATION."

In such circumstances and conditions the construction of the dwelling was undertaken.   It progressed until about the middle of August, 1956, when the Cole Construction Corporation abandoned the further performance of its contract and, in consequence, on August 23, 1956 the plaintiff terminated his services.   Thus the construction work came to an end.

It was in this exigency of affairs that the defendants Mr. and Mrs. Martin sought to abate their own consequential misfortune. Their expedient, perhaps the most favorable, was to enter into a contract with the plaintiff to complete the carpentry work. This remedial course the Martins adopted on August 31, 1956, and the so-called "trim" work was completed by the plaintiff on September 26, 1956.

The succeeding occurrences are that on January 21, 1957, which in point of time is obviously within a period of four months from September 26, 1956, the date on which the plaintiff fully completed his services pursuant to the terms of the contract with the Martins, the plaintiff caused a mechanic's lien claim to be filed in the office of the Bergen County Clerk designed to encumber the Martin property. The present action thereon was instituted on January 23, 1957 in the Bergen County Court against the Cole Corporation and against Mr. and Mrs. Martin. A default judgment, general in character, was entered on June 18, 1957 in favor of the plaintiff against the corporate defendant.

Next ensued the application addressed to the County Court by the plaintiff on June 21, 1957 for an order authorizing an amendment of paragraph (c) of the notice of intention filed on June 5, 1956, to encircle therein also the defendants Mr. and Mrs. Martin, as persons at whose expense his labor was to be performed and against whom the materials furnished were to be charged.

Manifestly the plaintiff's belated desire for the amendment was to acquire a lien upon the premises for the indebtedness due him from the Cole Construction Corporation; obviously, too, a perception born of hindsight. Our information is that although tendered, the plaintiff declines to accept the balance of $101.80 owing to him by the Martins under the contract made by them with him on August 31, 1956.

The opportunity to amend the notice in the notably vital respect requested by the plaintiff was not accorded to him by the court, and the propriety of the order of denial,

which incidentally has an interlocutory complexion, is introduced to us for appellate review.

It may be at once recognized that statutory power is legislatively invested in the appropriate court to grant amendments of notices of intention. *N. J. S.* 2A:44–73. However, like similar legislative delegations of judicial participation in aid of a statutory plan, the power to amend is not intended to be absolute and unlimited. . Its exercise is embedded in sound discretion and noticeably restricted to instances where in the existing circumstances the amendment in form or substance "can be justly made" within the legislative sanction. *J. D. Loizeaux Lumber Co. v. Davis,* 41 *N. J. Super.* 231 (*App. Div.* 1956), certification denied 22 *N. J.* 269 (1956).

Here we look primarily for the contractual origin of the debt and the identity of the debt for the recovery of which the lien is claimed. *Rubino v. Tranor,* 8 *N. J. Misc.* 815 (*Cir. Ct.* 1930).

In a recent decision in *Rigberg v. Narduc Development Corp.,* 47 *N. J. Super.* 588, 592 (*Ch.* 1957), Judge Haneman stated:

"The question is, therefore, whether this delivery constituted a furnishing of material under the contract for which the notices of intention were filed.

When items on a claim for the materials furnished within four months preceding the filing of a lien are relied on to validate the claim for materials furnished before that date, it must appear that the items within the limited period are so connected with the earlier items that together they constitute one debt. *Bell v. Mecum,* 75 *N. J. L.* 547 (*E. & A.* 1907) ; *Federal Trust Co. v. Guigues,* 76 *N. J. Eq.* 495 (*Ch.* 1909). See Annotation, 97 *A. L. R.* 780 (1935). The delivery must be directly related to the original contract for the furnishing of materials if Rigberg is to have the benefit of the mechanic's lien. Work done under a new and independent arrangement after the completion of the original contract does not set the time running anew so as to preserve a lien for the earlier work."

It is evident here that at the time of the filing of the plaintiff's notice of intention on June 5, 1956, no contractual relationship whatever existed or was probably then contemplated between the plaintiff and the Martins respect-

ing the erection of the dwelling. The notice contained nothing to alert the Martins to apprehensions of claims of the plaintiff against their property by reason of any unsatisfied indebtedness from Cole to the plaintiff.

The fact is that the Cole Corporation collapsed on August 23, 1956 in the performance of its construction contract, offending its obligations to the plaintiff and, indeed, to the Martins. A privity of contract between the plaintiff and the Martins had its inception in the distinctly new agreement into which they entered on August 31, 1956. Admittedly no notice of intention was filed by the plaintiff in relation to this new contract. No lien claim was filed within four months after the date of the last labor performed or materials furnished for which the debt was due under the plaintiff's contract with the Cole Construction Corporation.

It is not to be doubted that only in exceptional events does the unpaid claim for labor and materials ripen and mature into an enforceable lien on the land and building unless there has been a compliance with the prerequisites of the statute. *Friedman v. Stein,* 4 *N. J.* 34, 41 (1950).

In seeking correctional relief from the court, the exculpatory reason for the claimant's dereliction should be plainly meritorious, just and true. This application to amend solicits the privilege of displacing the notice of the basic and actual intention filed on June 5, 1956 and of substituting for it a retroactive notice expressing an intention which would be in fact fictitious. It seems indubitable that upon filing the notice, the plaintiff did not signify any intention to acquire an enforceable lien against the Martin property. The amendatory power is justly to correct, not initially to create.

The denial of the plaintiff's application is affirmed.