53 N.J. Super. 1 (1958)
146 A.2d 481
APEX ROOFING SUPPLY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HYMAN KERSNER, TRADING AS JERSEY HOMES, BUILDER, DEFENDANT, AND HUBERT WEST AND PATRICIA WEST, OWNERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1958.
Decided December 1, 1958.
*2 Before Judges SCHETTINO, HALL and GAULKIN.
Mr. Louis Asarnow argued the cause for plaintiff-appellant.
No one appeared for defendants-respondents.
PER CURIAM.
This is a mechanic's lien action instituted in the Hudson County District Court, in which plaintiff sought a general judgment of $292.94 against Hyman Kersner, trading as Jersey Homes, the general contractor, and a special judgment against the premises of Mr. and Mrs. West upon which Kersner had made repairs. The trial judge refused to enter judgment against the lands of the Wests, and entered judgment in their favor instead. From that judgment plaintiff appeals.
It is not disputed that plaintiff furnished $292.94 of roofing material to the general contractor which the latter used in making the repairs, and that prior to the delivery of the material plaintiff filed its notice of intention to claim a mechanic's lien. In his conclusions of law filed pursuant to R.R. 7:16-3, the trial judge said that the only reason he refused the special judgment is because in the notice of *3 intention "the only party designated as the party to be charged with the expense was the General Contractor. The owner, West, was not included therein as the party to be charged." The trial judge was of the opinion that he was compelled to so hold by the case of Zawaski v. Cole Construction Corp., 48 N.J. Super. 390 (App. Div. 1958). In this the trial judge erred.
The notice of intention was in the usual form. The portions pertinent to this appeal were filled in as follows:

"Notice Is Given
(a) That Hubert & Patricia West is the name of one who, within ten days prior to the filing of this notice, is or has been the owner of record of an estate in the lands hereinafter referred to, to which the lien under the aforesaid act may attach;
(b) That the lands to which any lien protected by this notice can or may attach are identified by the following description thereof, viz. 
90 Vroom Street, Jersey City, N.J. more fully described in deed book 2678 page 543.
(c) That any labor and/or materials to be performed or furnished in connection with any building operation upon the above described lands under the protection of this notice will be upon the order of and at the expense of Jersey Homes."
That notice was sufficient. It was not necessary to name the Wests under paragraph (c) to entitle plaintiff to a special judgment against their lands, since plaintiff was a subcontractor who had no contractual relation with the Wests and the materials were not to be furnished at their order or expense. N.J.S. 2A:44-72; Passaic-Bergen Lumber Co. v. Currie, 111 N.J.L. 63 (Sup. Ct. 1933).
The Zawaski case is not to the contrary. In that case Zawaski filed a proper notice of intention, on June 5, 1956, showing that he was doing work and furnishing material as a carpenter sub-contractor to Cole Construction Company (named as the one to be charged in paragraph (c) of the notice of intention) which, as general contractor, was building upon lands of Mr. and Mrs. Martin. Cole Construction Company abandoned the work, and therefore on August 25, 1956 the Martins cancelled their contract with Cole Construction Corporation. On August 31 the Martins entered *4 into a new and separate contract with Zawaski to complete the work, which he did on September 26, 1956. The Martins tendered payment to Zawaski for the agreed price of the work he had done under his August 31 contract with them, but he refused it insisting upon being paid by the Martins, in addition, the balance due him from Cole Construction Corporation. When they refused to pay that, Zawaski filed a mechanic's lien suit on January 23, 1957 against Cole Construction Corporation and the Martins based upon the June 5, 1956 notice of intention. However, that was more than four months after the last work had been done under the cancelled Martin-Cole Construction Corporation contract, and hence that suit was out of time (N.J.S. 2A:44-98) unless Zawaski could tack on the work he had done up to September 26 under his separate August 31 contract with the Martins. He conceived the idea that he could do that (to quote from the Zawaski opinion, 48 N.J. Super. at page 393) by amending "paragraph (c) of the notice of intention filed on June 5, 1956 to encircle therein also the defendants Mr. and Mrs. Martin, as persons at whose expense his labor was to be performed and against whom the materials furnished were to be charged." His theory apparently was that if he could treat the Martins and the Cole Construction Corporation as co-contractors with him, the last work done for either would be the date from which the time to sue would be calculated. He therefore applied for leave to so amend. This application was denied, and it was from that denial that the appeal in the Zawaski case was taken. This court held that the denial was proper because the work done under the new and independent Martin-Zawaski contract, after the cancellation of the Cole contract, could not be added to that which had been done under the Cole contract, to preserve a lien for the earlier work. We said (48 N.J. Super. at page 394):
"It is evident here that at the time of the filing of the plaintiff's notice of intention on June 5, 1956, no contractual relationship whatever existed * * * between the plaintiff and the Martins respecting the erection of the dwelling. * * * A privity of *5 contract between the plaintiff and the Martins had its inception in the distinctly new agreement into which they entered on August 31, 1956. Admittedly no notice of intention was filed by the plaintiff in relation to this new contract. No lien claim was filed within four months after the date of the last labor performed or materials furnished for which the debt was due under the plaintiff's contract with the Cole Construction Corporation. * * * This application to amend solicits the privilege of displacing the notice of the basic and actual intention filed on June 5, 1956 and of substituting for it a retroactive notice expressing an intention which would be in fact fictitious."
Basically it was for the above quoted reasons that the denial of the application was affirmed, and properly so. Unfortunately the opinion does contain some unclear language, a portion of which unquestionably misled the trial judge to the conclusion which he reached.
In the "agreed statement in lieu of record on appeal," signed by counsel and approved by the court pursuant to R.R. 1:6-2, it is said that "the only objection raised by counsel for defendants West was the alleged misdescription of the builder as `Jersey Homes' instead of `Hyman Kersner, trading as Jersey Homes' in the notice of intention (c) * * * was a fatal error * * *." The trial judge made no mention of this point in his conclusions of law, very likely because he felt, as we do, the use of the trade name alone was sufficient. It is to be noted that the Wests themselves contracted with the general contractor under his trade name. Furthermore, even if the use of the trade name alone were not sufficient, no prejudice could have resulted therefrom to the Wests and the defect  if the trial judge considered it to be one  could have been corrected by amendment under N.J.S. 2A:44-73.
The judgment is therefore reversed to the end that the case may be remanded to the trial court for the entry of a special judgment in favor of plaintiff against the lands of the Wests in the sum of $292.94 plus interest.