79 N.J. Super. 68 (1963)
190 A.2d 553
APEX ROOFING SUPPLY CO., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
JERVIS MILLER, TRADING AS MODERN HOME INDUSTRIES, DEFENDANT, AND FRANK SUMMERFIELD AND DOLLIE SUMMERFIELD, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1963.
Decided April 29, 1963.
*70 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Herman L. Fast argued the cause for appellants (Messrs. Fast & Fast, attorneys).
Mr. Louis Asarnow argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is a mechanic's lien action in which defendants Frank and Dollie Summerfield, husband and wife, appeal from a judgment entered in the Union County District Court in the sum of $548.40 plus costs in favor of the plaintiff and specially against lands and building owned by defendants situate at 330 Tower Street, Union, New Jersey. The action was instituted against the Summerfields by the plaintiff materialman, Apex Roofing Supply Co., to recover a special judgment, as well as against Modern Home Industries, Inc., the building contractor, for general judgment. The defendant builder filed no answer, and judgment by default was entered against it. It is not a party to this appeal.
The defendants Summerfield owned the building and property subject to the judgment as tenants by the entirety. Modern Home Industries, Inc. was engaged by the Summerfields to do repair work on the property. No contract evidencing this understanding was filed under N.J.S. 2A:44-75.
On June 9, 1961 plaintiff furnished the contractor with materials for the job at a price of $190.50. Delivery of $263.50 worth of goods was made on June 12, 1961 at "around" 10:00 A.M. At 10:23 A.M. on June 12 a mechanic's notice of intention, filed by plaintiff pursuant to N.J.S. 2A:44-71, was stamped "filed" in the Union County Clerk's Office. Other materials sold for $285.00 were delivered to the contractor by plaintiff on June 12, 1961, after 10:23 A.M. (there were other deliveries on subsequent dates not here involved).
Pursuant to N.J.S. 2A:44-91, plaintiff filed a lien claim within four months after the date of delivery of the last *71 materials furnished. That claim, and the summons and complaint in the instant action, which latter were filed on October 16, 1961, named "Jervis Miller, doing business as Modern Home Industries," as the builder. (The mechanic's notice of intention simply designated "Modern Home Industries.") The answer filed by defendants Summerfield on November 15, 1961 specifically set forth that the builder with whom they dealt was not Jervis Miller, but rather Modern Home Industries, Inc., a corporation. In March 1962 plaintiff sought, and was granted, over objection of the Summerfields, leave to amend the notice of intention, the lien claim, and the summons and complaint to show the corporation as the builder or defendant in place of the individual, Miller.
At the trial plaintiff voluntarily abandoned its claim as to the June 9 delivery, that concededly having been made before the filing of the notice of intention, and thereby not being entitled to a lien under N.J.S. 2A:44-71. The defendants urged that plaintiff's entire claim was invalid on the ground that the statutory requirement for giving them notice of the filing of the notice of intention was not met in that there was a mailing of only a single notice to both defendants jointly; and that amendment of the lien claim and summons and complaint more than four months after the last deliveries by plaintiff was improper. Defendants claimed also that, in any event, the $263.50 item delivered on June 12 was not covered by a lien since the delivery was prior to the actual time of filing of the notice of intention. The trial court rejected all of the defendants' contentions, and this appeal followed. However, plaintiff has now agreed the $263.50 item was in fact delivered before the filing of the notice of intention and has abandoned its claim to that much of the judgment below.

I.
N.J.S. 2A:44-71 provides that
"[n]otice, in writing, of the filing of any such notice of intention shall be given within 5 days of such filing to the owner of the premises, of *72 the land described therein, personally or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect."
So far as we can tell from the certified "Statement of Facts" and "Opinion" of the trial court, which are not too clear in this regard, a single registered letter, return receipt requested, was mailed to the Summerfields, addressed to Frank and Dollie M. Summerfield (or to Frank Summerfield and Dollie M. Summerfield), 330 Tower St., Union, N.J. The letter contained notice of the filing of the mechanic's notice of intention and it was mailed within five days of the filing of the said notice. When this letter arrived at the Summerfield home, the return receipt, which was placed in evidence, was signed by a Mrs. Moffitt, purportedly, according to the notation on the receipt, for Frank Summerfield. Mrs. Moffitt resided with the Summerfields and was Mrs. Summerfield's mother. Defendants contend that Mr. and Mrs. Summerfield were each entitled to separate notice under the act. There is no reported case in the context of our mechanic's lien law directly in point. Apex Roofing Supply Co. v. Howell, 59 N.J. Super. 462 (App. Div. 1960), is not here authoritative. In that case a purported "notice" was sent to "Mr. & Mrs. Benjamin Howell," the property being owned by Benjamin Howell and his sister, Esther Howell, and the letter was received by Benjamin Howell. This court held that the letter, being misleadingly phrased in the nature of a congratulatory message rather than calculated to warn persons that their property was being encumbered, did not constitute the character of notice required by the statute. We also there noted that the sister, Esther Howell, was not an addressee of the letter and that there was no proof that the letter ever came to her attention. (59 N.J. Super., at p. 470).
Defendants rely also on Henry C. McCandless, Inc. v. Schaffer, 103 N.J. Eq. 170 (Ch. 1928) and Frantz Equipment Co. v. Anderson, 37 N.J. 420 (1962). The McCandless case involved the question whether a property owner *73 had received due notice of right of redemption after an in rem tax foreclosure sale of his property had taken place. The court held that a letter addressed to the owner and his wife was insufficient notice to the owner himself where the record showed that the husband-owner was having marital difficulties, often living away from home, and claimed never to have received the letter.
In the Frantz case, supra, the Supreme Court held that notice of foreclosure sale mailed to conditional vendees was "misdirected" if addressed jointly to two or more buyers residing at the same address. However, the court indicated that a conditional vendor would be in "practical compliance" with the statute by showing that "each of [the vendees] had received the notice or had acquired * * * actual notice of the existence and contents thereof from the co-addressees * * *." (37 N.J., at p. 429). The principles thus expressed appear to us to be germane and applicable by analogy to the situation in the present case.
It seems to us reasonably inferable that one spouse would inform the other, both being joint tenants of real property where they reside together, of so important a matter as the arrival of a notice of lien addressed to both of them. However, as indicated infra, we do not propose to decide this factual issue on the present appeal.
Defendants call our attention to Bukowitz v. Maryland Lumber Company, 210 Md. 148, 122 A.2d 486 (Ct. App. 1956), and Webber Lumber & Supply Co. v. Erickson, 216 Mass. 81, 102 N.E. 940 (Sup. Jud. Ct. 1913). Neither of these cases helps defendants. In the Maryland case, a statute required that notice in writing be served on a married woman before a lien could attach upon her real property. The evidence showed that a registered letter containing a mechanic's notice sent to the party affected, a married woman, was returned unopened, marked refused. A few days later her husband, a tenant by the entirety, was served with a copy of the letter personally. Thus, no notice in writing was ever served on the wife, as particularly required by statute. In *74 the Massachusetts case, the parties were owners as tenants in common and not by the entirety. The plaintiff tried to show an agency relation between the husband, who was given notice, and the wife, who was not. The court rejected the argument, pointing to the completely separate interests of tenants in common.
We have concluded that since the legal problem here involved was novel when the case was tried, plaintiff should have an opportunity to sustain the burden of showing, in line with the Frantz decision, supra, that both Summerfields had received the notice or had acquired actual knowledge of the existence and contents thereof. There will be a remand for such purpose only. If notice is brought home to only one of the parties, the lien will attach only to his or her interest.

II.
Defendants' second ground of appeal concerns the amending of the lien claim and summons and complaint more than four months after the supplies were delivered. In effect, they say that such amendment amounted to a substitution of a new party, a corporation, after the running of the four-month period beyond which the statute no longer permits filing of the lien claim.
As indicated above, the notice of intention specified the name of the builder to be "Modern Home Industries" and did not indicate whether the entity was an individual, a partnership, or a corporation. The lien claim and complaint and summons referred to the contractor as "Jervis Miller, trading as Modern Home Industries." As stated, Modern Home Industries, Inc. was a New Jersey corporation. In allowing amendment of the mechanic's notice, the lien claim and the summons and complaint, the court described the original misdescription as a "harmless technical error," going only to a mistake in denominating a party actually joined as such in the action, noting further that the defendant owners were not prejudiced thereby since "the only party *75 capable of being aggrieved * * * would be the defendant Modern Home Industries * * * who permitted a default to be entered against it * * *."
We agree with the conclusion of the trial court. If it be conceded arguendo that these defendants have standing to object to the amendment of the lien claim, the contention they advance is still without merit. N.J.S. 2A:44-94 authorizes the court to permit amendment of the lien claim "[a]t any time before final judgment, and either before or after the commencement of action * * *." The statute expressly permits amendment "in matters of substance as well as form." A similar provision for amendment of notice of intention is found in N.J.S. 2A:44-73. Both sections have been liberally construed to effect the remedial policy behind the mechanic's lien statutes. Apex Roofing Supply Co. v. Kersner, 53 N.J. Super. 1 (App. Div. 1958); J.D. Loizeaux Lumber Co. v. Davis, 41 N.J. Super. 231 (App. Div. 1956). As concerns amendment of the summons and complaint, the amendment brought no new entity into the case, as a matter of substance. There was simply an amendment of a party's name. See Mears v. Economy Brake Service, Inc., 78 N.J. Super. 218 (App. Div. 1963), certif. denied 40 N.J. 216 (1963).
In any event, any error in amending the name of the builder in the notice or the lien claim was not prejudicial to the presently appealing defendants, see Apex Roofing Supply Co. v. Kersner, supra (53 N.J. Super., at p. 5). This observation applies a fortiori insofar as the amendment of the summons and complaint is concerned.

III.
Finally, defendants, invoking the principle of Friedman v. Stein, 4 N.J. 34 (1950), argue the lien claim should be invalidated in entirety on the ground it was deliberately false in including items delivered June 9, 1961, the notice not having been filed until June 12, 1961. The rule of *76 Friedman applies only where a misstatement is willful. The trial court in effect found that the inclusion of the June 9, 1961 delivery was not willful, noting that plaintiff at the opening of the trial disavowed the item as inadvertently included. There is no proof of intentional misrepresentation in the record, and we sustain the holding of the trial court in this regard.
The matter is remanded to the county district court for further proceedings consistent with this opinion. We do not retain jurisdiction. Costs to abide the event.