Duane BAYES and Sandra Bayes, Defendants-Appellants,

v.

Harry William ISENBERG, d/b/a Isenberg Concrete Walls, Plaintiffs-Appellees,

and

Gibson Company, Inc.; James Bottorff, Treasurer of Clark County, Indiana; and John Gellhaus, Auditor of Clark County, Indiana, Defendants-Appellees.

No. 1–981A269.

Court of Appeals of Indiana, First District.

Dec. 29, 1981.

(Bayes) appeal from a judgment entered in the Clark Circuit Court in favor of plaintiff-appellee Harry William Isenberg, d/b/a Isenberg Concrete Walls (Isenberg) upon an action to foreclose on his mechanic's lien against real estate of Bayes in the amount of $4,879.00.

We reverse.

## STATEMENT OF THE FACTS

The facts most favorable to the judgment show the Bayes, husband and wife, owned real estate in Marysville, Indiana, as tenants by the entireties. On July 17, 1979, they entered into a construction contract with defendant-appellee Gibson Company, Inc.[1] (Gibson) to build their home; the contract with Gibson was signed by Duane Bayes alone. Concomitantly, Gibson, the contractor, entered into an oral contract with Isenberg, a subcontractor, to construct the concrete basement floor and walls of the Bayes' residence.

On November 5, 1979, Isenberg began work on the Bayes' residence. He experienced difficulty hauling crushed rock from the road to the Bayes' residence site due to muddy conditions. Volunteering, Duane Bayes and his son assisted Isenberg in hauling stone to the building site. Duane Bayes used his own dump truck and tractor to pull the concrete trucks in and out of his property for Isenberg.

On January 3, 1980, Isenberg, accompanied by his wife, drove to Bayes' property and unsuccessfully attempted to deliver written notice upon Bayes at a trailer which was unoccupied. Observing two people standing outside of a hog barn behind the trailer, Isenberg drove down to the barn to see if the Bayes were there. Entering the barn, Isenberg saw Duane Bayes and after some difficulty in getting Mr. Bayes to accept the notice, he hand-delivered to him the following written notice of his intention to hold a mechanic's lien against the Bayes' real estate for the value of his work:

Virgil E. Bolly, Sellersburg, for defendants-appellants.

Robert W. Lanum, Fifer, Vogt & Lanum, Jeffersonville, for plaintiffs-appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Following a bench trial, defendants-appellants Duane Bayes and Sandra Bayes

---

1. Gibson is not a party to this appeal.

"NOTICE

TO: Duane Bayes and Sandra Bayes
Highway # 3
Marysville, IN 47141

YOU ARE HEREBY NOTIFIED that Harry William Isenberg d/b/a Isenberg Concrete Walls whose address is 550 Spicewood Drive, Jeffersonville, IN 47130, first provided labor and material upon property owned by you on November 5, 1979, the legal description of said property being the same as is attached hereto and made a part of this notice. Please be further advised that Harry William Isenberg intends to hold a lien thereon for labor and materials delivered.

Dated: January 3, 1980.

/s/ Harry William Isenberg

Harry William Isenberg."

Appearing beneath a copy of the aforementioned notice which was introduced at trial was the following written item:

"1-3-70

A copy of this was delivered in Person to Duane Bayes at 5 o'clock p. m. Jan. 3-1980 by William & Sue Isenberg."

## ISSUE

■ Bayes assign as error a single issue which we restate as follows:

Does the written notice addressed to Duane Bayes and Sandra Bayes, but delivered only to Duane Bayes, satisfy the notice requirement of Ind.Code 32–8–3–1 (Supp.1981)?

## DISCUSSION AND DECISION

Principally, the Bayes argue that Isenberg failed to furnish written notice to both owners, Duane and Sandra Bayes, having instead served written notice personally upon Duane Bayes alone. Having not furnished written notice upon Sandra Bayes, the Bayes contend Isenberg did not comply with the statutory notice as provided under Ind.Code 32–8–3–1. As a result, they assert that Isenberg cannot enjoy the benefits of foreclosure on his lien, citing as authority *Mid American Homes, Inc. v. Horn,* (1979) Ind., 396 N.E.2d 879; *Beneficial Finance*

*Company v. Wegmiller Bender Lumber Company, Inc.,* (1980) Ind.App., 403 N.E.2d 1150.

■ The Court of Appeals may not set aside the judgment of the trial court unless it is clearly erroneous; furthermore, we will affirm the judgment of the trial court if it can be sustained by any legal theory supported by the evidence. *Torres v. Meyer Paving Company,* (1981) Ind.App., 423 N.E.2d 692; *English Coal Co., Inc. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302.

Ind.Code 32–8–3–1 provides in relevant part as follows:

"Any person, firm, partnership or corporation who sells or furnishes on credit any material, labor or machinery, for the original construction of a single or double family dwelling for the intended occupancy of the owner upon whose real estate the construction takes place to any contractor, subcontractor, mechanic or anyone other than the owner or his local representatives *shall furnish said owner a written notice of the delivery or labor and the existence of lien rights within sixty (60) days from the date of the first delivery or labor performed. The furnishing of such notice shall be a condition precedent to the right of acquiring a lien upon such real estate or upon the improvement constructed thereon.*

No lien for material or labor in original construction shall attach to real estate purchased by an innocent purchaser for value without notice, provided said purchase is of a single or double family dwelling for occupancy by the purchaser, unless notice of intention to hold such lien be recorded as provided in this chapter prior to the recording of the deed by which such purchaser takes title." (Emphasis added.)

The lien claimant must furnish written notice to the owners of his intention to hold a lien when, as here, the materialman contracts with the contractor for his materials and services rather than with the owners of the real estate.

In *Horn, supra,* the buyers contracted with the materialman for the construction of a personal residence. The sellers of the real estate receipted for the written notice of the materialman's intention to hold a lien against the real estate. A few days later the sellers conveyed title to the real estate to buyers who then recorded the deed. Sellers thereafter notified the materialman that buyers were now the titleholders of record. The materialman recorded his notice of an intention to hold a mechanic's lien against the buyers' real estate and sent such notice to the buyers, but only after they had recorded the deed. The Indiana Supreme Court, in reversing the Court of Appeals, held:

> "We hold that the 'owner' entitled to notice, under the provision of the statute under consideration, is the owner of that interest which may be subjected to the lien anticipated by the notice, in this case the defendants [buyers]. Hence, absent equitable considerations estopping such persons from denying notice, those seeking the benefits of the lien may not rely upon the public records but are enjoined, at their peril, to give notice to such owner. This will preclude blind reliance upon a search of the record title." (Citations omitted.)

396 N.E.2d at 883.

We need not discuss *Beneficial Finance Company, supra,* for it is a case construing a different issue and involves another section of the mechanic's lien statute, Ind.Code 32–8–3–3. Therefore it has no bearing on the matter before us.

In his appellee's brief, Isenberg asserts the following proposition in support of the notice he furnished to Bayes. Duane and Sandra Bayes own the property as tenants by the entireties, and, as such, own the real estate in question as one unit, a single ownership. Therefore, the notice furnished to the husband is notice to the owner, and the lien filed under Ind.Code 32–8–3–3 is valid and enforceable.

██ Property held in tenancy by entireties creates an estate owned by husband and wife as one unit. *State Department of State Revenue v. Union Bank and Trust Company,* (1978) Ind.App., 380 N.E.2d 1279; *Anuszkiewicz v. Anuszkiewicz,* (1977) 172 Ind.App. 279, 360 N.E.2d 230; *Wallace v. Wallace,* (1953) 123 Ind.App. 454, 110 N.E.2d 514. It is true that property owned as an estate by entireties is immune to seizure and satisfaction of the individual debts of either husband or wife. *Union Bank and Trust, supra; Myler v. Myler,* (1965) 137 Ind.App. 605, 210 N.E.2d 446; *Eilts v. Moore,* (1946) 117 Ind.App. 27, 68 N.E.2d 795. However, we are not faced with the individual debts of one spouse or one spouse encumbering entireties property without the consent of the other spouse. Here, Duane and Sandra Bayes contracted to have their home built. Both Duane and Sandra were owners of the real estate. The Bayes are the only owners of "that interest which may be subjected to the lien anticipated by the notice...." *Horn, supra,* at 883.

> "The purpose of the required notice to the property owner is to inform the owner of the nature and amount of the claim in order that he may protect himself in his future dealings with the person with whom the claimant contracted, and particularly to enable him to retain whatever money may be due the contractor and to apply it to the payment of the lien claimed." (Footnotes omitted.)

53 Am.Jur.2d Mechanics' Liens § 170 (1970). In Annot., "Who is the 'Owner' within Mechanic's Lien Statute Requiring Notice of Claim," 76 A.L.R.3d 605 (1977), is the following discussion regarding entireties' owners and prelien notice:

> "But even where the requirement is only that notice be given to 'the owner,' notice must be given to all owners of co-ownership property in order to bind the interest of all cotenants. Notice to one owner is not necessarily notice to the other owner, even though the other co-owner is the spouse of the owner receiving the notice and a joint tenant or tenant by the entireties.

\* \* \* \* \* \*

The purpose of the prelien notice, such as notice of intention to claim a lien, ordinarily required of persons not dealing directly with the owner of the property, is to enable the owner to protect himself from loss in settlement with the builder or original contractor by retaining in his hands the amount due to the party giving the notice. The purpose of the notice of intention to file a mechanic's lien is to warn the owner of the property against paying the original contractor while outstanding claims exist in favor of laborers and materialmen, and to give him the opportunity to discharge the debt before the lien is filed. The notice is for the benefit of the owner alone, and it is he who has the obligation to pay the debt and prevent the lien from being perfected." (Footnotes omitted.)

In *Liese v. Hentze,* (1927) 326 Ill. 633, 158 N.E. 428, the Supreme Court of Illinois addressed the same issue where a materialman had furnished notice only to the husband. The lien claimant failed to notify the wife of the lien on real estate owned by the husband and wife as joint tenants. The Illinois mechanic's lien statute required that notice to the property owners shall be given by the contractor or materialman to the owner of the real estate. The court stated:

"The contractor or materialman's right to a lien depends upon service of notice to the owner unless the original contractor has furnished the owner with a sworn statement as to contractors and materialmen, as required by the act. *Butler & McCracken v. Gain,* 128 Ill. 23, 21 N.E. 350. While the act is to be liberally construed as a remedial act, yet mechanics' liens exist only by virtue of the statute creating them, and such statutes must be strictly followed with reference to all requirements upon which the right to a lien depends. *North Side Sash Co. v. Hecht,* 295 Ill. 515, 129 N.E. 273; *Cronin v. Tatge,* 281 Ill. 336, 118 N.E. 35; *May Brick Co. v. General Engineering Co.,* 180 Ill. 535, 54 N.E. 638. *We are of the opinion that, in order to bind the interest of Emielie Hentze, she must be served with notice. This was not done, and her*

*interest cannot be made subject to the mechanic's lien in this case."* (Emphasis added.)

158 N.E. at 429–430.

Similarly, in *Schwaller Lumber Company v. Watson,* (1973) 211 Kan. 141, 505 P.2d 640 at 645, the Supreme Court of Kansas said:

"It is the general rule that service of a mechanic's lien statement on one cotenant is not binding on a cotenant, or other owner, and such is true even though the co-owner happens to be a spouse. (*Dente v. Bullis,* 196 Md. 238, 76 A.2d 158; *Shea v. Peters et al.,* 126 Or. 76, 268 P. 989; *Liese v. Hentze,* supra; *Apex Roofing Supply Co. v. Miller,* 79 N.J.Super. 68, 190 A.2d 553.)"

■■ Another line of cases addresses the matter of one spouse acting as agent for the other spouse. Isenberg makes no attempt in his brief to raise agency as an alternative basis to support his notice to Duane Bayes as being notice to Sandra Bayes. However, we shall address the matter of agency because we are reversing the judgment of the trial court. In *Downham v. Wagner,* (1980) Ind.App., 408 N.E.2d 606 at 613, this court discussed the implied agency relationship between husband and wife and stated:

"[A] husband may act as an agent for his wife. The marriage relationship is but one factor to be considered in determining the question of agency. The relationship of agency between a husband and wife is governed by the same principles which would apply to other agencies. *Roper, supra; Pierce v. Horvath,* (1968) 142 Ind.App. 278, 233 N.E.2d 811. If a husband and wife are engaged in a joint enterprise, agency will attach. *Pierce, supra.* In the latter case the court held that the fact that a husband was driving his wife to work in her car was sufficient evidence of agency to go to the jury. The court said that agency may arise by implication and be shown by circumstantial evidence. Further, a wife may ratify her husband's unauthorized act and be bound. *Lichtenberger v. Graham,* (1875) 50 Ind. 288."

To establish the relation of agency between husband and wife, the evidence must be clear and satisfactory and sufficiently strong to explain and remove the equivocal character the wife is placed by reason of the marital relation. *Roper v. Cannel City Oil Company*, (1918) 68 Ind.App. 637, 121 N.E. 96. Merely owning property jointly as a cotenant does not ordinarily bind the other cotenants by contracts with third persons, unless he is duly authorized, or unless thereafter they ratify his act. *Heffner v. White*, (1942) 113 Ind.App. 296, 45 N.E.2d 342. The same proposition with respect to an implication of agency applies to tenants by entireties. *Heffner, supra.*

In the case at bar, Duane Bayes alone signed the construction contract to have a personal residence built. Testimony of Duane Bayes disclosed that he handled all the payments to the contractor. Isenberg gave notice to Duane Bayes in a hog barn and Sandra Bayes was not present. It is entirely unshown by the evidence that Sandra Bayes ever received written notice. Furthermore, there is no act that the wife has done from which we can infer agency or ratification by her of the husband's acceptance of written notice.

Although the statute does not specify what furnish notice means, we follow the logic set forth in *Lock Joint Tube Company v. Citizens Trust and Savings Bank of South Bend*, (1941) 218 Ind. 162, 31 N.E.2d 989, regarding service of notice. In *Lock Joint Tube Company*, our Supreme Court said that service of notice has a definite meaning, and unless otherwise provided by law means personal service of the individual in such a way that the party who makes the service may be in a position to make due proof thereof to the court.

We recognize that the statute requires the furnishing of written notice, not personal service of such notice. However, our Supreme Court in *Horn, supra*, placed the burden on those seeking the benefits of the lien to give notice to all owners who possess a lienable interest. Here, Duane and Sandra Bayes are the owners of interests which may be subjected to the materialman's lien.

We hold that furnishing written notice upon Duane Bayes was insufficient to comply with the requirements of Ind.Code 32–8–3–1 and no evidence shows that Duane Bayes was acting as agent for his wife, Sandra Bayes, in so accepting such notice. Therefore, we reverse the judgment of the trial court.

Judgment reversed.

ROBERTSON and YOUNG (participating by designation), JJ., concur.